UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| KRISTEN GRACE,<br>FRANCISCO GARZA,<br>ROSSANA HERNANDEZ,<br>J. MICHAEL HEYSER,<br>LISA LEAKE,<br>CHRISTOPHER STEIN,<br>CHRISTOPHER SUBLETT,<br>LESLIE ZEPEDA<br><br>*Plaintiffs*,<br><br>v.<br><br>RTX CORPORATION F/K/A RAYTHEON<br>TECHNOLOGIES CORPORATION<br><br>100 Wilson Blvd<br>Arlington, VA 2209-3927<br><br>*Defendants*. | Case No.:<br><br>JURY IS DEMANDED<br><br>November 20, 2024 |

**<u>COMPLAINT</u>**

COMES NOW, Kristen Grace, Francisco Garza, Rossana Hernandez, J. Michael Heyser,

Lisa Leake, Christopher Stein, Christopher Sublett, and Leslie Zepeda, by and through their

attorney, and hereby state the following in support of their Complaint and Jury Demand against

Defendant RTX Corporation, formerly known as Raytheon Technologies Corporation, ("RTX" or

"Defendant") and allege:

**<u>INTRODUCTION</u>**

1

1. Plaintiffs are eight former employees of RTX Corporation ("RTX") who requested religious accommodations to RTX's COVID-19 vaccine mandate.

2. RTX responded to these requests by imposing a testing, masking, and travel restriction policy which for various reasons also violated Plaintiffs' religious beliefs.

3. RTX, however, did not offer any accommodations for the testing, masking, and travel restriction policies.

4. RTX terminated or constructively discharged them in violation of Title VII of the Civil Rights Act.

**PARTIES**

5. Plaintiff Kristen Grace was a Senior Engineer, Design Engineer at Defendant RTX's Tucson location. She was employed at RTX for more than 18 years. Defendant terminated Ms. Grace on January 31, 2022.

6. Plaintiff Francisco Garza was employed with RTX Corporation for over 15 years when he submitted a religious accommodation request for the COVID-19 vaccine mandate. He also had a religious objection to the testing that RTX offered as an "accommodation." RTX did not offer any religious accommodation for testing and fired. Mr. Garza.

7. Plaintiff Rossana Hernandez began working at RTX in April of 2019. She requested a religious accommodation for the COVID-19 vaccine. She had a religious objection to testing as well, but RTX had no process for requesting a religious accommodation for COVID-19 testing. RTX terminated her on January 29, 2022.

8. Plaintiff J. Michael Heyser began at RTX in 2008 and worked his way over 12 years to his dream job as a Warfighter School Director. He requested a religious accommodation to the COVID-19 vaccine mandate, but found that RTX offered no accommodations for testing,

masking, and travel restrictions, which also violated his beliefs. RTX constructively discharged Mr. Heyser on January 14, 2022.

9. Plaintiff Lisa Leake was an RTX employee for more than 14 years, where she served as a Senior Systems Engineer I and RTX's Tucson, Arizona facility. Ms. Leake requested a religious accommodation to the COVID-19 vaccine. RTX required her to test instead, which also violated her religious beliefs. She was unwilling to violate her religious beliefs in order to keep her job, so RTX fired her on January 31, 2022.

10. Plaintiff Christopher Stein worked for RTX for over 20 years. He requested a religious accommodation to the COVID-19 vaccine mandate. RTX responded that he would have to test, which also violated his religious beliefs. Despite his repeated efforts to work to find a workable solution, RTX terminated Mr. Stein on January 31, 2022.

11. Plaintiff Christopher Sublett was similarly a long-term employee of RTX. He submitted a religious accommodation request for the vaccine mandate and received the response that he would have to test, which he also objected to doing. RTX constructively discharged Mr. Sublett on December 4, 2021.

12. Plaintiff Leslie Zepeda was a six-year employee of RTX and served as a Principal Specialist, Engineering Services. She requested a religious accommodation request, but could not in good conscience submit her testing results in a manner that waive her rights under HIPAA. RTX terminated her on February 4, 2022.

13. Defendant RTX Corporation is an aerospace and defense conglomerate that employs more than 185,000 people. It is headquartered at 1000 Wilson Blvd Arlington, VA 2209-3927.

**JURISDICTION**

14. This Court has Jurisdiction, and Venue is proper, under 42 U.S.C. § 2000e-5(f)(3). Defendant is located in Arlington, Virginia.

## **FACTUAL BACKGROUND**

15. Kristen Grace was employed as a Sr Eng, Design Engineer by RTX for more than 18 years and consistently received outstanding reviews.

16. On February 25, 2021, Ms. Grace requested a transfer to a remote position as an accommodation to her sincerely held religious beliefs against the masking policy that Defendant held for unvaccinated individuals.

17. Upon learning that no religious accommodation was available for the masking policy, on March 23, 2021, Ms. Grace reluctantly submitted an ADA accommodation request to the masking and testing policy.

18. Ms. Grace continued to work remotely while awaiting RTX's determination on a permanent remote position.

19. On May 7, 2021, RTX denied Ms. Grace's request for a permanent remote position and put her on permanent unpaid medical leave.

20. On September 21, 2021, Ms. Grace filed an EEO complaint against RTX.

21. On September 22, 2021, Ms. Grace secured a permanent remote position with RTX through her own independent efforts.

22. She immediately submitted a religious accommodation request to the vaccine, masking, and testing policies that RTX announced on September 15, 2021.

23. Despite her approved ADA accommodation for her medical disability, RTX denied her religious accommodation request for the testing and masking requirements.

24. RTX terminated Ms. Grace on January 31, 2022.

4

25. Francisco "Frank" Garza was a Principal Specialist, Mission / Quality Assurance.

26. He requested a religious accommodation request to RTX's testing mandate that RTX denied.

27. On November 22, 2021, Mr. Garza informed his management that he would submit to RTX's testing mandate under duress despite his sincerely held religious beliefs against testing.

28. He suffered religious and spiritual injury as a result of RTX's refusal to accommodate his religious beliefs.

29. Rossana Hernandez worked for RTX beginning in April of 2019.

30. She requested a religious accommodation for the vaccine mandate but could not in good conscience agree to the testing that came as a result of her request for accommodation.

31. Because she would not violate her conscience, RTX terminated Ms. Hernandez on January 31, 2022.

32. J. Michael Heyser began his career with RTX in 2008.

33. Over 12 years, he worked his way up to his "dream job" as a Warfighter School Director, where he planned to stay until retirement.

34. He requested a religious accommodation to the COVID-19 vaccine mandate, but found that RTX offered no accommodations for testing, masking, and travel restrictions, which also violated his beliefs.

35. RTX constructively discharged Mr. Heyser on January 14, 2022.

36. Plaintiff Lisa Leake was an RTX employee for more than 14 years, where she served as a Senior Systems Engineer I and RTX's Tucson, Arizona facility.

37. Ms. Leake requested a religious accommodation to the COVID-19 vaccine.

38. RTX required her to test instead, which also violated her religious beliefs.

39. She was unwilling to violate her religious beliefs in order to keep her job, so RTX fired her on January 31, 2022.

40. Plaintiff Christopher Stein worked for RTX for over 20 years.

41. He requested a religious accommodation to the COVID-19 vaccine mandate.

42. RTX responded that he would have to test, which also violated his religious beliefs.

43. Despite his repeated efforts to work to find a workable solution, RTX terminated Mr. Stein on January 31, 2022.

44. Plaintiff Christopher Sublett was similarly a long-term employee of RTX.

45. He submitted a religious accommodation request for the vaccine mandate and received the response that he would have to test, which he also objected to doing. RTX constructively discharged Mr. Sublett on December 4, 2021.

46. Plaintiff Leslie Zepeda was a six-year employee of RTX and served as a Principal Specialist, Engineering Services.

47. She requested a religious accommodation request but could not in good conscience submit her testing results in a manner that waive her rights under HIPAA.

48. RTX terminated her on February 4, 2022.

49. All plaintiffs submitted their claims as part of a class complaint submitted on September 24, 2022.

50. That claim was dismissed.

51. The putative class appealed the decision and the 9th Circuit Court of Appeals upheld the decision.

52.     Plaintiffs filed a petition for a writ of certiorari with the U.S. Supreme Court which it declined on October 21, 2024.

**CLAIMS FOR RELIEF**

**COUNT I**
**(Title VII Religious Discrimination: Failure to Accommodate)**

1.     All previous paragraphs are incorporated herein.

2.     RTX has failed to accommodate the religious beliefs of the plaintiffs.

3.     Title VII of the Civil Rights Act of 1964 requires employers to accommodate the religious practice of their employees unless doing so would impose an undue hardship on the conduct of the employer's business. 42 U.S.C.S. § 2000e(j), *Groff v. DeJoy*, 143 S. Ct. 2279, 2286 (2023).

4.     As the Supreme Court has stated,

Title VII does not demand mere neutrality with regard to religious practices—that they be treated no worse than other practices. *Rather, it gives them favored treatment*, affirmatively obligating employers not "to fail or refuse to hire or discharge any individual . . . because of such individual's religious observance and practice.

*EEOC v. Abercrombie & Fitch Stores, Inc.*, 575 U.S. 768, 775, 135 S. Ct. 2028, 2034 (2015) (emphasis added and internal citations omitted).

5.     To establish a *prima facie* religious accommodation claim, a plaintiff must establish that: "(1) he or she has a bona fide religious belief that conflicts with an employment requirement; (2) he or she informed the employer of this belief; (3) he or she was disciplined for failure to comply with the conflicting employment requirement." *Chalmers v. Tulon Co.*, 101 F.3d 1012, 1019 (4th Cir. 1996) (*quoting Philbrook v. Ansonia Bd. of Educ.*, 757 F.2d 476, 481 (2d Cir. 1985)).

6.  Once a plaintiff establishes a *prima facie* case, the burden shifts to the employer to demonstrate either that it reasonably accommodated the employee, or that it was unable to reasonably accommodate the employee's needs without undue hardship. *Id.*

7.  The Supreme Court recently clarified that, '"undue hardship' is shown when a burden is substantial in the overall context of an employer's business." That inquiry it described as "fact specific." *Groff v. DeJoy*, 2023 U.S. LEXIS 2790, *28 (2023).

8.  Plaintiffs all had sincere religious beliefs that conflicted with aspects of the testing, masking, and travel restriction regime.

9.  Plaintiffs each made that conflict known to RTX by filing a religious accommodation exemption requests or otherwise informing their supervision about their beliefs.

10.  As a result of such actions, RTX terminated defendants, or in Mr. Garza's case, required him to test under religious and spiritual duress.

11.  RTX offered only medical / ADA accommodations for the testing and associated requirements which were inapplicable to all plaintiffs.

12.  The statutory framework for determining reasonable accommodation requires an interactive process and participation by both the employer and the employee. *Ansonia Bd. of Educ. v. Philbrook*, 479 U.S. 60, 69 (1986) (stating that, consistent with the goals expressed in the legislative history of the religious accommodation provision, "courts have noted that bilateral cooperation is appropriate in the search for an acceptable reconciliation of the needs of the employee's religion and the exigencies of the employer's business") *Id., see also Brener v. Diagnostic Ctr. Hosp.*, 671 F.2d 141 (5th Cir. 1982).

13.  "Once an employee makes [an accommodation] request, the employer is obligated by law to engage in an interactive process - a meaningful dialogue." *Equal Emp. Opportunity*

8

*Comm'n v. Chevron Phillips Chem. Co.*, 570 F.3d 606, 621 (5th Cir. 2009) (in the context of a disability).

14. Here, RTX made no attempt to arrive at an "acceptable reconciliation for both parties." *Ansonia Bd. of Educ.*, 479 U.S. at 69.

15. If RTX had provided meaningful accommodations to Plaintiffs' requests, all of them would be contributing meaningfully to its operations, and Mr. Garza would not have suffered spiritual and religious harm.

## PRAYER FOR RELIEF

79. Plaintiffs respectfully requests that the Court award the following:

(a) Compensatory damages for monetary and non-monetary loss in the amount of 8 million dollars;

(b) Exemplary and punitive damages;

(c) Prejudgment interest;

(d) Reasonable attorney's fees; and,

(e) Such other relief as law or equity may pertain.

## JURY TRIAL

80. A jury trial is requested in this matter.

Dated: November 20, 2024                    Respectfully Submitted,

                                            /s/ E. Scott Lloyd

                                            E. Scott Lloyd
                                            Virginia Bar # 76989
                                            Lloyd Law Group, PLLC
                                            15 Chester St.
                                            Front Royal, VA 22630
                                            (540) 823-1110
                                            scott@lloydlg.com
                                            *Counsel for Plaintiffs*