**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

|  |  |  |
|---|---|---|
| KRISTEN GRACE, FRANCISCO GARZA, ROSSANA HERNANDEZ, J. MICHAEL HEYSER, LISA LEAKE, CHRISTOPHER STEIN, CHRISTOPHER SUBLETT, and LESLIE ZEPEDA | ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No. 24-cv-2083-CMH-WBP |
| RTX CORPORATION f/k/a RAYTHEON TECHNOLOGIES CORPORATION, | ) ) ) | |
| Defendant. | ) ) | |

**DEFENDANT'S MEMORANDUM OF
POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS**

Defendant RTX Corporation f/k/a Raytheon Technologies Corporation ("Raytheon"),[1] by its undersigned attorneys, respectfully submits this memorandum of points and authorities in support of its motion to dismiss the Complaint of plaintiffs Kristen Grace, J. Michael Heyser, Lisa Leake, Christopher Stein, and Leslie Zepeda (the "Arizona Plaintiffs") and Francisco Garza, Rossana Hernandez, and Chirstopher Sublett (the "Additional Plaintiffs") (the Arizona Plaintiffs and the Additional Plainitffs, collectively, "Plaintiffs"), with prejudice, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

---

[1] Plaintiffs were actually employed by Raytheon Company, not Raytheon Technologies Company. Raytheon Technologies Company is now RTX Corporation. For ease of reference, RTX Corporation refers to itself and Plaintiffs' employer as "Raytheon."

315491951v.2

**PRELIMINARY STATEMENT**

Plaintiffs have filed a conclusory Complaint that asserts a single cause of action, for alleged failure to accommodate religious beliefs under 42 U.S.C. §§ 2000e-2 ("Title VII"). Plaintiffs' claims relate to Raytheon's COVID-19 vaccination policy from 2021 (the "2021 Policy"), but they do ***not*** allege that Raytheon failed to accommodate their religious objections to receiving the COVID-19 vaccine. ***They admit that Raytheon exempted all of the Plaintiffs from receiving the COVID-19 vaccine***.

Rather, Plaintiffs allege that they should not have had to comply ***any*** health and safety measures, despite not being vaccinated during a global pandemic. They objected to the health and safety conditions of their vaccination exemptions: testing, masking, and social distancing. Essentially, Plaintiffs' assertion is that, based upon their unspecified religious beliefs, they were entitled to work in 2021 and early 2022 without ***any*** restrictions aimed at reducing the spread of COVID-19. Plaintiffs' brazen position, which another federal court characterized as "shocking," fails to state a claim. The Complaint should be dismissed with prejudice for several reasons.

***First***, as set forth in greater detail in Raytheon's motion for Rule 11 sanctions filed herewith, the Arizona Plaintiffs' claims are barred by *res judicata*. The Arizona Plaintiffs already filed a Title VII suit in federal court based upon the ***exact same facts***. The Arizona Plaintiffs' complaint was dismissed ***with prejudice***; the dismissal was unanimously affirmed by the U.S. Court of Appeals for the Ninth Circuit; and the U.S. Supreme Court denied the Arizona Plaintiffs' petition for a writ of certiorari. The Arizona Plaintiffs' claims are barred by *res judicata*.

***Second***, as also set forth in greater detail in Raytheon's Rule 11 motion, Plaintiffs' claims are time-barred. A plaintiff bringing suit under Title VII has 90 days to commence an action after receiving a right-to-sue letter from the U.S. Equal Employment Opportunity Commission

2

315491951v.2

("EEOC").  Here, Plaintiffs filed suit on November 20, 2024.  Yet they received their respective right-to-sue letters from the EEOC between October 3, 2022 and August 5, 2024.  Thus, many of the Plaintiffs' claims have been time-barred for several years.  Even as to the most recent right-to-sue letter, for Mr. Heyser on August 5, 2024, he was required to file suit by November 5, 2024, but did not.  Plaintiffs' claims are quite obviously time-barred.

*Third*, even if Plaintiffs could somehow overcome *res judicata* and the fact that their claims are untimely, their allegations are woefully insufficient to plead a claim under Title VII. Plaintiffs do not allege what their beliefs were, explain how those beliefs were religious in nature, or articulate how those beliefs purportedly conflicted with masking, testing, or social distancing.  Several Plaintiffs admit that their objections were not religious, but rather based upon "conscience" or secular concerns relating to the Health Insurance Portability and Accountability Act ("HIPAA").  Plaintiffs have not come close to stating a claim.

*Fourth*, and relatedly, the Arizona Plaintiffs' claims are barred by their judicial admissions in their prior lawsuit.  Among other things, the Arizona Plaintiffs alleged in their prior action that they did ***not*** have religious objections to masking, testing, and social distancing, and that any objections they did have were secular in nature.  Even setting aside *res judicata*, the Arizona Plaintiffs are bound by their representations to another federal court, and they cannot contradict those representations in this Court.

Plaintiffs' Complaint should be dismissed, with prejudice.

## FACTUAL BACKGROUND

In order to avoid repetition, Raytheon respectfully refers the Court to, and incorporates by reference herein, the factual background set forth in the Memorandum of Points and Authorities submitted in support of Raytheon's Rule 11 motion (the "Rule 11 Memorandum"), as

315491951v.2

well as the facts set forth in the Declaration of Samantha L. Brooks (the "Brooks Rule 11 Decl.")

and exhibits thereto, also submitted in support of the Rule 11 motion.

### ARGUMENT

To survive a motion to dismiss pursuant to Rule 12(b)(6), a plaintiff's "factual allegations

must be enough to raise a right to relief above the speculative level," and the pleading must

contain "enough facts to state a claim to relief that is plausible on its face" and "nudge [the]

claims across the line from conceivable to plausible." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

545, 570 (2007). A plaintiff must allege "more than an unadorned, the defendant-unlawfully-

harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550

U.S. at 555). Instead, the complaint must plead "factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at

678. A plaintiff's failure to allege an essential element of their claim warrants dismissal. *See*

*Comcast Corp. v. Nat'l Ass'n of Afr. Am.-Owned Media*, 140 S. Ct. 1009, 1019 (2020).

Here, Plaintiffs' Complaint fails to state a claim and should be dismissed.

**A. The Arizona Plaintiffs' Claims are Barred by *Res Judicata*.**

Raytheon respectfully refers the Court to, and incorporates by reference, the arguments

set forth in its Rule 11 motion regarding *res judicata*. Briefly, "*res judicata* is…sufficient

grounds to dismiss…pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can

be granted." *Cenezy v. O'Malley*, 2024 U.S. Dist. LEXIS 174044, at *6-7 (E.D.N.C. Sept. 23,

2024); *see also Colonial River Wealth Advisors, LLC v. Cambridge Inv. Rsch., Inc.*, 2023 U.S.

Dist. LEXIS 124874, at *11 (E.D. Va. July 19, 2023) ("A motion to dismiss under the doctrines

of res judicata or collateral estoppel is properly reviewed under the standard for Rule 12(b)(6)").

"Res judicata, also known as claim preclusion, bars a party from relitigating a claim that

was decided ***or could have been decided*** in an original suit." *Laurel Sand & Gravel, Inc. v.*

4

*Wilson,* 519 F.3d 156, 161 (4th Cir. 2008) (emphasis added).  "The test for deciding 'whether the causes of action are identical for claim preclusion purposes is whether the claim presented in the new litigation '***arises out of the same transaction or series of transactions*** as the claim resolved by the prior judgment.'"  *Id.* at 162 (emphasis added).  Accordingly, "'[n]ewly articulated claims based on the same [transactional] nucleus of facts may still be subject to a res judicata finding if the claims could have been brought in the earlier action.'"  *Id.*

The Arizona Plaintiffs' claims here arise out of the exact same facts as the their prior litigation in the United States District Court for the District of Arizona, Case No. 22-cv-00436-TUC-RM (the "Arizona Action"): their refusals to comply with the testing, masking, and social distancing conditions of their exemptions from the vaccination policy.  *See, e.g., Leake v. Raytheon Technologies Corp.*, 2023 U.S. Dist. LEXIS 32177, at *13-19 (D. Az. Feb. 27, 2023);[2] *see also* Rule 11 Memorandum at 10-14, 16-18.  Because it was based on the same factual circumstances, the Arizona Plaintiffs could have asserted their Title VII claim for failure to accommodate in the Arizona Action.

Accordingly, the Arizona Plaintiffs' claims are barred by *res judicata*.  The Complaint should be dismissed, with prejudice, as to the Arizona Plaintiffs.

### B.  All Plaintiffs' Claims are Time-Barred.

Plaintiffs' Complaint should also be dismissed because it is time-barred.  As set forth in Raytheon's Rule 11 Motion, incorporated by reference herein (Rule 11 Memorandum at 18-19), "Title VII requires that an aggrieved person file a civil action within 90 days of receiving a right-to-sue letter from the EEOC."  *Quinn v. Copart of Conn., Inc.*, 791 F. App'x 393, 395 (4th Cir.

---

[2] The Court may take judicial notice of court filings in the Arizona Action.  *See, e.g., Anderson v. Bolster*, 2020 U.S. Dist. LEXIS 156859, at *7-8 (E.D. Va. Aug. 27, 2020) ("a court may take judicial notice of matters of public record such as court filings or records") (citing *Wittholn v. Fed. Ins. Co.*, 164 F. App'x 395 (4th Cir. 2006)).

5

2019). "It is well settled that a Title VII claimant who fails to file a complaint within the 90-day period generally forfeits his right to pursue his claims." *Id.*; *see also Davis v. Navy Fed. Credit Union*, 2012 U.S. Dist. LEXIS 2649, at *7-8, 14-16 (E.D. Va. Jan. 10, 2012) (dismissing complaint, with prejudice, where plaintiff failed to bring claims within 90 days of receiving right-to-sue letter). On a Rule 12(b)(6) motion, a court can consider EEOC right-to-sue letters, even if they are not referenced in the plaintiff's complaint, because the letters are "integral to the Complaint's administrative history" and are "public documents of which the Court may take judicial notice." *Davis*, 2012 U.S. Dist. LEXIS 2649, at *7-8.

Here, it is indisputable that none of the Plaintiffs filed suit within 90 days of receiving their right-to-sue letters. As set in Raytheon's Rule 11 motion, many of the Plaintiffs received their right-to-sue letters more than ***two years ago***, in late 2022. *See* Brooks Rule 11 Decl. Exs. D-K. The most recent right-to-sue letter, issued to Mr. Heyser on August 5, 2024, required him to file suit no later than November 5, 2024. Brooks Decl. Ex. K. Yet this action was not commenced until November 20, 2024. ECF No. 1.

Accordingly, Plaintiffs' claims are time-barred. The Complaint should be dismissed, with prejudice.

### C. Plaintiffs' Complaint Fails to Adequately Allege the Nature of Plaintiffs' Purported Religious Beliefs or How The Health and Safety Conditions of Their Vaccination Exemptions Conflicted With Those Beliefs.

The Court need go no further, since *res judicata* and the fact that Plaintiffs' claims are time-barred are fatal to the Complaint. Even if Plaintiffs could somehow overcome those insurmountable obstacles, however, their Complaint fails to state a claim.

Title VII makes it unlawful for employers covered by the statute "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges [of] employment, because of such individual's

6

315491951v.2

. . . religion." 42 U. S. C. §2000e-2(a)(1). To state a claim for failure to accommodate religious beliefs under Title VII, a plaintiff must allege that: "(1) he or she has a bona fide religious belief that conflicts with an employment requirement; (2) he or she informed the employer of this belief; [and] (3) he or she was disciplined for failure to comply with the conflicting employment requirement." *Ellison v. Inova Health Care Servs.*, 692 F. Supp. 3d 548, 556 (E.D. Va. 2023) (citing, *inter alia*, *Chalmers v. Tulon Co. of Richmond*, 101 F.3d 1012, 1019 (4th Cir. 1996)).[3]

Raytheon does not dispute, for purposes of this motion only, that Plaintiffs' beliefs were sincere. "Title VII does not protect just any belief," however, even if the belief is sincerely held. *Ellison*, 692 F. Supp. 3d at 556. "To be protected, an employee's belief must be religious in nature." *Id.* (collecting cases). "[T]he very concept of ordered liberty precludes allowing every person to make his [or her] own standards on matters of conduct in which society as a whole has important interests." *Id.* at 557.

Accordingly, courts frequently dismiss claims at the pleading stage where the plaintiff fails adequately to allege religious beliefs that conflict with an employment requirement. *See id.* at 557-61. Otherwise, a mere conclusory assertion that a plaintiff has "religious" objections would "amount[] to [a] 'blanket privilege' that undermines our system of ordered liberty." *Id.* at 559. Similarly, reliance upon "conscience" is not sufficient because a "conscience-based justification could be used to evade any job requirement that [Plaintiff] disagreed with." *Finn v. Humane Soc'y of United States*, 2024 U.S. Dist. LEXIS 75138, at *11 (D. Md. Apr. 24, 2024)

---

[3] The plaintiff in *Ellison* sought leave to appeal the District Court's decision, which dismissed the complaint only in part, but the Fourth Circuit denied that application. *See* Case No. 23-263, ECF No. 12. The district court subsequently granted the defendant's motion for summary judgment on April 15, 2024; the plaintiff's appeal, which challenges both the 2024 summary judgment decision and the 2023 motion to dismiss decision, remains pending. *See Ellison v. Inova Health Care Servs.*, 730 F. Supp. 3d 221 (E.D. Va. 2024); Case No. 24-1396.

(quoting *Foshee v. AstraZeneca Pharms. LP*, 2023 U.S. Dist. LEXIS 185848, at *13 (D. Md. Oct. 17, 2023)).

Moreover, where a plaintiff fails to "provide information concerning the religious nature of [her] belief and how it is connected to her objection to the COVID-19" safety measures, she fails to state a claim under Title VII. *See Ellison*, 692 F. Supp. 3d at 560-61 (collecting cases). Similarly, where a plaintiff failes to allege whether "she subscribes to any particular religion or the specific nature of any religious beliefs," her claim fails. *Finn*, 2024 U.S. Dist. LEXIS 75138, at *10. Doubts about the "safety, efficacy, and necessity" of COVID-19 safety measures also do not suffice to state a claim. *Id.* at *14.

A mere statement that plaintiffs' "consciences tell them not to do it…is not subject to any princpled limitation in its scope," thus amounting to "the type of unverifiable 'blanket privilege' that courts cannot permit to be couched as religious in nature." *Foshee*, 2023 U.S. Dist. LEXIS 185848, at *14; *see also Menk v. Mitre Corp.*, 713 F. Supp. 3d 113, 149-50 (D. Md. 2024) (dismissing Complaint where the allegations "lack[] the specificity required by *Ellison*" because plaintiff "set forth no allegation regarding individualized, subjective personal religious beliefs; and fail to state how…those religious beliefs or practices form the basis of their objection to [the employer's] vaccine policy"); *Tomov v. Micron Tech. Inc.*, 2024 U.S. Dist. LEXIS 208265, at *8-9 (E.D. Va. Nov. 15, 2024) (plaintiff's notice of religious objection to employer insufficient under Title VII, and failure-to-accommodate claim dismissed with prejudice, where plaintiff "stated nothing about his beliefs apart from blanketly asserting 'because of my religion'"); *Cox v. Valley Health Sys.*, 2024 U.S. Dist. LEXIS 114491, at *8-14 (W.D. Va. June 28, 2024) (same, dismissing failure to accommodate claim with prejudice).

8

Here, Plaintiffs' allegations fall woefully short of the standard required by *Ellison* and the authorities cited above. The Complaint alleges that the "testing, masking, and travel restriction" conditions of Plaintiffs' vaccination exemptions "for various reasons…violated Plaintiffs' religious beliefs." ECF No. 1 ¶ 2. Plaintiffs never explain what those "various reasons" were, what their "religious beliefs" were, or how the health and safety conditions of their vaccination exemptions "violated" those beliefs. *See id.* Elsewhere, Plaintiffs allege that they "all had sincere religious beliefs that conflicted with aspects of the testing, masking, and travel restriction regime." *Id.* at Count I, ¶ 8. This conclusory allegation does not explain what Plaintiffs' "religious beliefs" were, which Plaintiffs held those beliefs, or how certain, undefined "aspects" of the health and safety conditions for Plaintiffs' vaccine exemptions "conflicted" with those beliefs. *See id.*

The allegations regarding each individual Plaintiff either shed no additional light, and in many cases confirm that Plaintiffs' objections were non-religious in nature:

**Kristen Grace**. Plaintiffs allege that Ms. Grace "submitted a religious accommodation request to the vaccine, masking, and testing policies." *Id.* ¶ 22. Plaintiffs further allege that although Raytheon exempted Ms. Grace from receiving the COVID-19 vaccine, it "denied her religious accomodation request for the testing and masking requirements." *Id.* ¶ 23. Plaintiffs do not allege what Ms. Grace's religious beliefs were, or how they conflicted with testing and masking conditions of her vaccination exemption. *See id.* ¶¶ 5, 15-24.

**Francisco Garza.** Plaintiffs allege that Mr. Garza "requested a religious accommodation request to [Raytheon's] testing mandate." *See id.* ¶ 26. Mr. Garza alleges that he agreed to "submit to [the] testing mandate under duress despite his sincerely held religious beliefs against the testing," and that he "suffered religious and spirtual injury as a result." *Id.* ¶¶ 27-28.

9

Plaintiffs nowhere articulate what Mr. Garza's religious beliefs were, and they do not explain how those beliefs conflicted with COVID-19 testing. *See id.* ¶¶ 6, 25-28.

**Rossana Hernandez.** Plaintiffs allege that Ms. Hernandez "could not in good conscience agree to the testing that came as a result of her" vaccination exemption. *See id.* ¶ 30. Plaintiffs allege that "[b]ecause she would not violate her conscience," Raytheon "terminated Ms. Hernandez on January 31, 2022." *Id.* ¶ 31. Plaintiffs nowhere allege that Ms. Hernandez's "consicence" was related to religious beliefs or, if so, whether or how those beliefs were inconsistent with COVID-19 testing. *See id.* ¶¶ 7, 29-31.

**J. Michael Heyser**. Plaintiffs allege that Mr. Heyser "found that [Raytheon] offered no accommodations for testing, masking, and travel restrictions, which also violated his beliefs." *Id.* ¶ 34. Plaintiffs do not allege whether those "beliefs" were religious in nature. *See id.* Plaintiffs do not, in any event, allege what Mr. Heyser's beliefs were or why those beliefs precluded testing, masking, and similar safety requirements. *See id.* ¶¶ 8, 32-34.

**Lisa Leake**. Plaintiffs allege that Ms. Leake was required "to test instead" of receiving the COVID-19 vaccine, "which also violated her religious beliefs." *Id.* ¶ 38. Plaintiffs allege that because Ms. Leake "was unwilling to violate her religious beliefs in order to keep her job," she was fired. *See id.* ¶ 39. Plaintiffs do not explain what Ms. Leake's beliefs were or why those beliefs were inconsistent with testing. *See id.* ¶¶ 9, 36-39.

**Christopher Stein**. Plaintiffs allege that when Mr. Stein was granted an exemption from receiving the COVID-19 vaccine, Raytheon "responded that he would have to test, which also violated his religious beliefs." *Id.* ¶ 42. Again, Plaintiffs do not articulate what Mr. Stein's religious beliefs were or why testing conflicted with those beliefs. *See id.* ¶¶ 10, 40-43.

10

315491951v.2

**Christopher Sublett**.  Plaintiffs allege that when Mr. Sublett received an exemption from the 2021 Policy's vaccination requirement, "he would have to test, which he also objected to doing."  *Id.* ¶ 45.  Plaintiffs do not allege that Mr. Sublett's objection was based upon religious beliefs.  *See id.*  Plaintiffs also do not allege what Mr. Sublett's beliefs were or why those beliefs conflicted with COVID-19 testing.  *See id.* ¶¶ 11, 44-45.

**Leslie Zepeda**.  Plaintiffs allege that Ms. Zepeda "could not in good conscience submit her testing results in a manner that waive [sic] her rights under HIPAA."  *Id.* ¶ 47.  In other words, Plaintiffs affirmatively allege that Ms. Zepeda's objection was a secular one, based upon her belief that she was being required to waive certain HIPAA rights.  *See id.*  Plaintiffs do not identify Ms. Zepeda's alleged religious beliefs, nor do they allege that she had religious beliefs that conflicted with testing, masking, or the other health and safety conditions of her vaccination exemption.  *See id.* ¶¶ 12, 46-48.

Plaintiffs' allegations are facially insufficient.  The Court has no way to know whether Plaintiffs' beliefs were religious in nature and, if so, how or why those beliefs conflicted with the health and safety conditions of Plaintiffs' exemptions from vaccination.  Ms. Hernandez and Ms. Zepeda expressly rely upon allegations of "conscience" that, as set forth above, are insufficient to state a claim.  *See* ECF No. 1 ¶¶ 30-31, 47; *Finn*, 2024 U.S. Dist. LEXIS 75138, at *11-12; *Foshee*, 2023 U.S. Dist. LEXIS 185848, at *14.  Ms. Zepeda further alleges, again, that her objection related to HIPAA, not religion.  *See* ECF No. 1 ¶ 47.

It is worth noting that in the Arizona Action, the District Court held that the Arizona Plaintiffs failed to state a Title VII claim in part because they failed adequately to allege their religious beliefs.  *See Leake*, 2023 U.S. Dist. LEXIS 32177, at *14.  The District Court found that Plaintiffs never alleged:

315491951v.2

> what their religious beliefs were.  Plaintiffs simply state that some employees
> rejected the vaccination due to their "sincere religious belief that the human body
> is God's temple, and that they must not take anything into their bodies that God
> has forbidden or that would alter the functions of their body such as by inducing
> the production of a spike protein in a manner not designed by God," while others
> objected not because of religious reasons, but for medical reasons.

*Id.* at *14.  Plaintiffs' allegations in this case are even less detailed.  *See* ECF No. 1 ¶¶ 5-12, 15-48.

A contrast with the Fourth Circuit's recent decision in *Barnett v. Inova Health Care Servs.*, 2025 U.S. App. LEXIS 296 (4th Cir. Jan. 7, 2025) is instructive, even though that case involved objections to vaccination, rather than the masking, testing, and other health and safety protocols at issue in this case.  *See id.* at *2.  In *Barnett*, the plaintiff alleged that "she is a sincere follower of the Christian faith."  *Id.* at *10.  She alleged that "she was a devout Christian, baptized in 2011, and made 'all life decisions after thoughtful prayer and Biblical guidance.'"  *Id.*  The plaintiff further alleged that her Christian religious beliefs conflicted with vaccination because:

> (1) 'it would be sinful for her to engage with a product such as the vaccination
> after having been instructed by God to abstain from it'; (2) her 'religious reasons
> for declining the covid [sic] vaccinations…were based on her study and
> understanding of the Bible and personally directed by the true and living God';
> and (3) receiving the vaccine would be sinning against her body, which is a
> temple of God, and against God himself.

*Id.*  The Fourth Circuit held that those allegations were sufficient at the pleading stage to establish religious beliefs that were "plausibly connected with [plaintiff's] refusal to receive the COVID-19 vaccine."  *Id.* at *11.

Here, Plaintiffs have not alleged anything close to the detail in the plaintiff's complaint in *Barnett*.  The Court and Raytheon have no idea if Plaintiffs are members of the Christian faith, another religious denomination, or no religious denomination at all.  ECF No. 1 ¶¶ 5-12, 15-48.  They also have no idea what Plaintiffs' alleged religious beliefs are or how they allegedly

315491951v.2

conflict with masking or testing.  *See id.*  Moreover, unlike the COVID-19 vaccine at issue in *Barnett*, Plaintiffs here were **exempt from vaccination**, but claim religious objections to masking, testing, and similar health and safety protocols for vaccine-exempt employees in place during the height of the pandemic.  *See id.*  The Court and Raytheon are left to guess as to how or why their religious beliefs conflicted with masking or testing.  *See id.*  Plaintiffs have not "alleged [their] beliefs are religious in nature" or that those beliefs "are plausibly connected with [their] refusal to" wear a mask, regularly test, and so forth.  *Barnett*, 2025 U.S. App. LEXIS 296, at *10-11.

In short, Plaintiffs' allegations in this Complaint are **less detailed** than the allegations found to be inadequate in the Arizona Action or *Ellison*.  *See* ECF No. 1 ¶¶ 5-12, 15-48.  They are also a far cry from the allegations in *Barnett*.  *See id.*  In certain instances, Plaintiffs even concede that their objections were secular in nature (*e.g.*, HIPAA concerns).  *See id.*  Plaintiffs have not come close to pleading a claim that can survive a motion pursuant to Rule 12(b)(6). The Complaint should be dismissed, with prejudice.

**D.      The Arizona Plaintiffs' Claims are Also Barred by Their Judicial Admissions in the Arizona Action.**

Finally, the Arizona Plaintiffs' claims are barred for the additional reason that they cannot contradict their judicial admissions in the Arizona Action.  "A judicial admission is usually treated as absolutely binding" when it "go[es] to matters of fact which, otherwise, would require evidentiary proof."  *Hanover Cty. Unit of the NAACP v. Hanover Cty.*, 461 F. Supp. 3d 280, 295 (E.D. Va. 2020).  "Judicial admissions are not…limited to affirmative statements of fact, but also can include 'intentional and unambiguous waivers that release the opposing party from its burden to prove the facts necessary to establish the waived conclusion of law.'"  *Flexi-Van Leasing, Inc. v. Traveles Indem. Co.*, 837 F. App'x 141, 145 (4th Cir. 2020).  Because "[a]

13

315491951v.2

judicial admission is conclusive," plaintiffs cannot contradict prior judicial admissions in order to try to state a claim.  *See Davis v. Complete Auto Recovery Servs.*, 2017 U.S. Dist. LEXIS 207934, at *3-6 (D. Md. Dec. 15, 2017) (denying leave to amend complaint as futile where proposed amendment would contradict prior judicial admission).

Here, the Arizona Plaintiffs made numerous judicial admissions in the Arizona Action that contradict their claims here.  In particular:

- "Plaintiffs *did not object* to other non-permanent safety measures, such as *physical distancing*, sick leave, *indoor masking*, and teleworking.  [Plaintiffs] had complied with such measures during the prior eleven months…."  Arizona Complaint, Brooks Rule 11 Decl. Ex. A ¶ 29 (emphasis added).

- Raytheon "possessed multiple less restrictive methods of mitigating the spread of COVID-19, including *masking*, remote teleworking, *physical distancing*, and *voluntary testing* of all symptomatic employees."  *Id.* ¶ 30 (emphasis added).

- Ms. Leake's objection to testing was driven by her secular (and false) beliefs that testing "was only required of a small set of employees and tests were the most invasive [Emergency Use Authorization ("EUA")] versions, that have since been recalled by the FDA."  *Id.* ¶ 36.

- Mr. Heyser objected to testing, masking, and social distancing because: (1) "the tests are not FDA approved and under an emergency use authorization"; (2) Raytheon "lifted masking and social distancing requirements for vaccinated employees only, making [Heyser] easily identifiable as a person who had a medical and religious objection"; and (3) Heyser "never agreed to any medical procedures as a condition to employment. [Raytheon], without a published policy, imposed such a requirement."  *Id.* ¶¶ 47-49.

- Mr. Stein similarly objected to testing because: (1) Raytheon "only required testing of unvaccinated employees despite the ability of the vaccinated to contract and spread the virus"; and (2) Raytheon "demanded invasive PCR tests that were emergency authorized and have since been recalled by the FDA."  *Id.* ¶¶ 56-57.

- Ms. Zepeda objected to testing because it was an "accommodation requirement of only those either not disclosing vaccine status or not vaccinated" and she was required to sign "a waiver of HIPPA [sic] rights" with the testing results.  *Id.* ¶¶ 64-65.  Notably, Raytheon permitted Ms. Zepeda to use "a saliva only test for COVID 19" at her request. *See id.* ¶ 63.

- "Multple Plaintiffs were granted medical or religious exemptions but were forced to comply with onerous masking and PCR testing, in the face of nearly all brands of PCR

14

315491951v.2

tests being recalled by the FDA on Class 1 likely to cause harm or death status." *See id.* ¶ 74.

In short, the Arizona Plaintiffs made binding judicial admissions in the Arizona Action that they had no religious objections to testing, masking, and social distancing. To the contrary, they affirmatively alleged that they had been complying with some of those conditions for months, and that those conditions would be good alternatives to requiring vaccination. *See id.* ¶¶ 29-30. To the extent they had objections, it was because nasal swab tests were "invasive" tests that the Arizona Plaintiffs (falsely) believed had been recalled; they felt singled out because vaccinated employees were not required to comply with masking, testing, and social distancing;[4] or, in the case of Ms. Zepeda, they did not want to waive certain purported rights under HIPAA. *See id.* None of these are religious objections.

By now asserting in this Court that they had (unspecified) religious objections to COVID-19 testing, masking, and similar health and safety conditions of their vaccination exemptions, the Arizona Plaintiffs are attempting to contradict their binding judicial admissions in the Arizona Action. This they cannot do. The Complaint should be dismissed, with prejudice.

CONCLUSION

The Court should grant Raytheon's motion and dismiss Plaintiffs' Complaint, with prejudice, pursuant to Rule 12(b)(6).

Dated: January 24, 2025

Respectfully submitted,

By:    */s/ Samantha L. Brooks*
Samantha L. Brooks, VA Bar No. 91928
SEYFARTH SHAW LLP

---

[4] Although not before this Court, the District Court in the Arizona Action rejected this "scarlet letter" argument; other courts have done the same. *See Leake*, 2023 U.S. Dist. LEXIS 32177, at *16 (citing *Klaasen v. Trustees of Indiana Univ.*, 549 F. Supp. 3d 836, 890 (N.D. Ind. 2021) *vacated and remanded as moot*, 24 F.4th 638 (7th Cir. 2022)).

15

315491951v.2

975 F Street, N.W.
Washington, D.C. 20004
(202) 828-3560
Fax: (202) 641-9209
sbrooks@seyfarth.com

Dawn R. Solowey (*pro hac vice* application
forthcoming)
SEYFARTH SHAW LLP
Seaport East, Suite 1200
Two Seaport Lane
Boston, MA 02210
(617) 946-4800
dsolowey@seyfarth.com

Owen R. Wolfe (*pro hac vice* application
forthcoming)
SEYFARTH SHAW LLP
620 Eighth Avenue
New York, NY 10018
(212) 218-5500
owolfe@seyfarth.com

*Counsel for Defendant RTX Corporation*

16

315491951v.2

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 24th day of January 2025, the foregoing MEMORANDUM

OF POINTS AND AUTHORITIES IN SUPOPRT OF MOTION TO DISMISS was filed with

the Clerk of Court using the CM/ECF system, which will then send a notification of such filing

to the following counsel of record:

> E. Scott Loyd
> Lloyd Law Group, PLLC
> 15 Chester Street
> Front Royal, VA 22630
> scott@lloydlg.com
>
> *Counsel for Plaintiffs*

>         */s/ Samantha L. Brooks*
> Samantha L. Brooks
>  VA Bar No. 91928
> SEYFARTH SHAW LLP
> 975 F Street, N.W.
> Washington, D.C. 20004
> (202) 828-3560
> Fax: (202) 641-9209
> sbrooks@seyfarth.com
> *Counsel for Defendant RTX Corporation*

315491951v.2