**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

|  |  |  |
|---|---|---|
| KRISTEN GRACE, FRANCISCO GARZA, ROSSANA HERNANDEZ, J. MICHAEL HEYSER, LISA LEAKE, CHRISTOPHER STEIN, CHRISTOPHER SUBLETT, and LESLIE ZEPEDA | ) ) ) ) ) ) ) ) |  |
| Plaintiffs, | ) ) |  |
| v. | ) ) | Civil Action No. 24-cv-2083-CMH-WBP |
| RTX CORPORATION f/k/a RAYTHEON TECHNOLOGIES CORPORATION, | ) ) ) ) |  |
| Defendant. | ) |  |

**DEFENDANT'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES
IN FURTHER SUPPORT OF MOTION FOR SANCTIONS PURSUANT TO RULE 11**

Raytheon[1] respectfully submits this reply in further support of its motion for sanctions

pursuant to Rule 11 of the Federal Rules of Civil Procedure.

**PRELIMINARY STATEMENT**

Plaintiffs' opposition to this Rule 11 motion is astonishing. They do not dispute that this

action arises from the same facts and circumstances of the Arizona Action that was dismissed

with prejudice. Nor do Plaintiffs dispute that this action was filed more than 90 days after each

Plaintiff received his or her right-to-sue letter. Yet they still claim they were justified in filing

this suit. The audacious nature of Plaintiffs' arguments underscores the need for sanctions.

With respect to *res judicata*, Plaintiffs contend that sanctions are not warranted because

counsel might have "reasonably believed" that the doctrine did not apply. They cite to a single

---

[1] Capitalized terms not otherwise defined herein have the meanings set forth in Raytheon's opening Memorandum of Points and Authorities in Support of Motion for Sanctions Pursuant to Rule 11 (ECF No. 5).

case, addressed in Raytheon's opening papers, in which the Supreme Court held that, where a class has been certified, a final judgment as to class claims does not have *res judicata* effect as to individual claims, but a final judgment as to any *individual claims bars those individuals*.  Here, no class was certified in the Arizona Action and the District Court in that action dismissed the *individual claims* of the Arizona Plaintiffs *with prejudice*.  With all due respect to Plaintiffs' counsel, even a new law school graduate knows that individuals whose claims are dismissed with prejudice cannot bring suit again based upon the same facts and circumstances.  The fact that Plaintiffs continue to argue otherwise confirms the need for sanctions.

With respect to timeliness, Plaintiffs' argument is outrageous.  They do not argue that this action, standing alone, was timely filed.  Instead, they take the cliché of "having your cake and eating it too" to new heights, arguing that their claims were saved by the Arizona Action—the same Arizona Action that they simultaneously claim has no binding or preclusive effect here.  This argument proves Raytheon's point:  if the Arizona Action tolled Plaintiffs' claims, then this action obviously arises from the same facts and circumstances and is barred by *res judicata*.  By making this argument, Plaintiffs effectively concede that they knew this action was barred.

Even setting aside *res judicata*, however, Plaintiffs' tolling argument makes no sense.  Even if some or all of the Plaintiffs were entitled to tolling, the tolling ended, and the limitations period resumed, as soon as the Arizona District Court's judgment dismissing the Arizona Action became effective in early 2023.  Accordingly, tolling does not help Plaintiffs here: they failed to file suit within 90 days of any tolling period ending or the receipt of their right-to-sue letters.

Plaintiffs' commencement of this action was egregious.  Yet they double-down in opposition, raising spurious arguments that confirm the lack of good-faith basis for this suit.

316145600v.1

Plaintiffs also did not bother to oppose Raytheon's Rule 12 motion to dismiss (ECF No. 7), even though the opposition to that motion was due on February 7, 2025.  Sanctions are warranted.

## ARGUMENT

### A.  Plaintiffs' Opposition Confirms That Their Claims are Barred by *Res Judicata*.

Plaintiffs do not dispute that this action arises from the same facts and circumstances as the Arizona Action.  *See* ECF No. 14 at 5-7.  That, without more, confirms that the Complaint is barred.  ECF No. 5 at 16-18.  Their argument is that counsel might have "reasonably believed" that this suit was not barred based upon a single case: *Cooper v. Federal Reserve Bank*, 467 U.S. 867, 880 (1984).  According to Plaintiffs, *Cooper* stands for the proposition that where a class action complaint is dismissed, individual intervenors are barred from suing again, but the other class members, including the original named plaintiffs, are not.  *See* ECF No. 14 at 5-7.  Counsel cannot reasonably believe this, however, because a plain reading of *Cooper* refutes the argument.

As set forth in Raytheon's opening brief (ECF No. 5 at 17-18), *Cooper* held that a decision regarding class-wide allegations, rather than individual allegations, does not bar individual class members from later suing based upon their individual factual circumstances. *Cooper*, 467 U.S. at 880.  But where "the individual claims" of named plaintiffs "have been finally decided in the [defendant's] favor," those individuals are barred from suing again.  *Id.* at 873-74 and n.7.  Although Plaintiffs emphasize the fact that the individuals who were barred in *Cooper* became named plaintiffs by intervening after commencement of the action, the Supreme Court did not hold that *res judicata* only applies to intervenors; that would make no sense because when parties intervene, they "assume the status of full participants in a lawsuit and are normally treated as if they were original parties once intervention is granted."  *D.C. v. Merit Systems Protection Bd.*, 762 F.2d 129, 132 (D.C. Cir. 1985).  Rather, the Court held that *res*

3

*judicata* barred the intervening named plaintiffs because their "individual claims," as opposed to class claims, were finally decided by the district court.  *Cooper*, 467 U.S. at 473-74 and n.7.

That is exactly what happened here.  No class was ever certified in the Arizona Action; the District Court *specifically declined* to address class allegations; and there was no generalized, class-wide holding.  *See Leake v. Raytheon Technologies Corp.*, 2023 U.S. Dist. LEXIS 32177 , at *19 (D. Az. Feb. 27, 2023), *aff'd*, 2024 U.S. App. LEXIS 10287 (9th Cir. Apr. 29, 2024), *cert denied*, 2024 U.S. LEXIS 4384 (Oct. 21, 2024).  The District Court examined the *individualized allegations* of the Arizona Plaintiffs and determined that their *individual claims must be dismissed with prejudice*.  *See id.* at *13-19.  "[T]he individual claims of each of the" Arizona Plaintiffs "have been finally decided in [Raytheon's] favor."  *See Cooper*, 467 U.S. at 873-74.

Plaintiffs have not cited *to a single case* holding that the dismissal of named plaintiffs' *individual claims* in a putative class action does not have preclusive effect as to those named plaintiffs.  It should go without saying that the law is to the contrary.  When a class action is dismissed, the dismissal "of the named employees' individual claims *is binding as to those employees*."  *Muhammad v. Giant Food*, 108 F. App'x 757, 765 n.5 (4th Cir. 2004) (emphasis added); *see also, e.g., Alexander v. Chicago Park Dist.*, 773 F.2d 850, 854 (7th Cir. 1985) (dismissal of class action "*does not affect application of res judicata against the named plaintiffs*" (emphasis added)).

Plaintiffs do not dispute that this action arises out of the same facts and circumstances as the Arizona Action.  *See* ECF No. 14 at 5-7.  They cite no law holding that where the individual claims of the named plaintiffs are adjudicated to conclusion, those named plaintiffs are permitted to bring another suit based on the same facts and circumstances.  *See id.*  Nor could they: it is a basic point of our legal system that when an individual's claim is dismissed by a court with

4

prejudice, that individual cannot bring a subsequent suit based upon the same facts and circumstances.  Rule 11 sanctions are warranted.

### B.  Plaintiffs' Claims are Time-Barred.

Plaintiffs also do not dispute that this action, standing alone, was not timely filed because it was filed more than 90 days after every single Plaintiff received his or her EEOC right-to-sue letter.  *See* ECF No. 14 at 7-10.  Although they contend that Raytheon's argument is "contradictory," this is projection: ***Plaintiffs'*** argument is an about-face from their *res judicata* argument.  After arguing that the dismissal ***with prejudice*** of the Arizona Action is meaningless in this jurisdiction, Plaintiffs reverse course and argue that the Arizona Action has one effect in this Court after all: to toll the statute of limitations and somehow render Plaintiffs' claims timely.

The audacity of this argument is hard to understate.  Plaintiffs' contention is that not only did the dismissal with prejudice of the Arizona Action not have any preclusive effect, but it actually extended their time to file a new suit elsewhere.  The Arizona District Court and Ninth Circuit would no doubt be surprised to learn that by dismissing the Arizona Plaintiffs' claims with prejudice, they were enabling the Arizona Plaintiffs to file a duplicative and otherwise time-barred claim in another jurisdiction.  That is, of course, not the law, and Plaintiffs cite to no legal authority for this outrageous proposition.  *See* ECF No. 14 at 5-10.

Even setting aside Plaintiffs' contradictions, their argument—which they did not raise during Raytheon's efforts to avoid motion practice (*see* ECF No. 5 at 14)—fails.  Plaintiffs' new argument is that their claims were "tolled" by the Arizona Action because all Plaintiffs were members of the putative class.  ECF No. 14 at 9-10).  They rely (ECF No. 14 at 9-10) on a limited exception to the statute of limitations outlined in *American Pipe & Constr. Co. v. Utah*, 414 U. S. 538 (1974).  Under *American Pipe*, filing a class action tolls the statute of limitations

316145600v.1

for the individual claims of putative class members "***until the class action is denied***."  *Bridges v. Dep't of Md. State Police*, 441 F.3d 197, 210 (4th Cir. 2006) (emphasis added).

Plaintiffs do not identify when the tolling period here purportedly ended, or when they were required to bring suit once the tolling period ended.  *See* ECF No. 14 at 9-10.  There is a good reason for this omission: even assuming *American Pipe* tolling applies, Plaintiffs claims ***are still untimely***.  As the Fourth Circuit has explained, "the *American Pipe* rule provides a ***narrow exception*** to the fixed statutes of limitations, suspending their running from the date a class action is filed until the date it is denied, ***for whatever reason***."  *Bridges*, 441 F.3d at 212 (emphasis added).  Once the class action is dismissed ***for whatever reason***, the tolling ends.  *See id.* at 212-13; *see also Shelton v. Collins Career Center*, 2020 U.S. Dist. LEXIS 231498, at \*22 (S.D. W. Va. Dec. 8, 2020) (limitations period resumed when class action "was resolved").

Absent entry of a stay pending appeal, federal court judgments are effective after 30 days.  *See* Fed. R. Civ. P. 62.  "The general rule is that the judgment of a district court becomes effective and enforceable as soon as it is entered; there is no suspended effect pending appeal unless a stay is entered."  *In re Copper Antitrust Litig.*, 436 F.3d 782, 793 (7th Cir. 2006).  Accordingly, *American Pipe* tolling ***does not continue while an appeal is pending***; "the statute of limitations begins running again as soon as class certification is denied….  At that point, the parties are on notice that they must take steps to protect their rights or suffer the consequences."  *Id.*; *see also Bridges*, 441 F.3d at 212 (tolling ends upon denial "for whatever reason"); *Giovanniello v. ALM Media, LLC*, 726 F.3d 106, 117 (2d Cir. 2013) ("If the Court had contemplated that tolling continued through the pendency of reconsideration or through appeal, there would be no need for class members to take action to protect their rights"); *Taylor v. United Parcel Serv., Inc.*, 554 F.3d 510, 519 (5th Cir. 2008) ("Therefore, it is clear…that if the

316145600v.1

district court denies class certification under Rule 23, tolling of the statute of limitations ends");

*Culver v. City of Milwaukee*, 277 F.3d 908, 914 (7th Cir. 2002) ("***[W]hen the suit is***

***dismissed***…***the statute resumes running for the class members***" (emphasis added)); *Stone*

*Container Corp. v. United States*, 229 F.3d 1345, 1355-56 (Fed. Cir. 2000) ("[W]e hold that

tolling ends when class certification is denied ***in the trial court***" (emphasis added)); *Armstrong*

*v. Martin Marietta Corp.*, 138 F.3d 1374, 1391 (11th Cir. 1998) (en banc) ("If class certification

is denied in whole or in part, the statute of limitations begins to run again as to those putative

class members who were excluded from the class.  In order to protect their rights, such

individuals must seek to intervene in the pending action…, ***or file a separate individual action***

***before the time remaining in the limitations period expires***" (emphasis added)); *Andrews v.*

*Orr*, 851 F.2d 146, 149-50 (6th Cir. 1988) (holding that the suit "ceased to be a class action," and

tolling ended, upon entry of order denying class certification); *Fernandez v. Chardon*, 681 F.2d

42, 48 (1st Cir. 1982) ("the statute will resume running when class certification is denied");

*Womack v. UPS*, 311 F. Supp. 2d 492, 496-97 (E.D.N.C. 2004) ("Many Circuit Courts of

Appeals have held that tolling ceases directly upon the denial of class certification, and does not

extend…***throughout the appeals process***" (emphasis added)).

Even assuming *arguendo* that Plaintiffs—including the Arizona Plaintiffs whose claims

are barred by *res judicata*—were entitled to tolling, the statute of limitations resumed when the

Arizona Action was dismissed on February 27, 2023 or, being generous to Plaintiffs, 30 days

thereafter in accordance with the automatic stay in Rule 62(a), *i.e.*, March 29, 2023.  *See Leake*,

2023 U.S. Dist. LEXIS 32177, at \*19.  Plaintiffs whose right-to-sue letters were issued before

March 29, 2023—Mr. Garza, Ms. Grace, Ms. Leake, Mr. Stein, and Ms. Zepeda (*see* ECF No. 5

at 9)—had 90 days, *i.e.*, until June 27, 2023, to file a new suit.  The other Plaintiffs, whose right-

7

to-sue letters came ***after*** the Arizona Action was dismissed with prejudice, had 90 days from receipt of the letter to file: July 12, 2023 for Mr. Sublett; April 1, 2024 for Ms. Hernandez; and November 4, 2024 for Mr. Heyser. *See* ECF No. 5 at 9. But they did not sue until November 20, 2024. ECF No. 1.

Plaintiffs' counsel had an affirmative duty to research the law on this point. *Business Guides, Inc. v. Chromatic Communications Enterprises, Inc.*, 498 U.S. 533, 550 (1991). Counsel should have reviewed the Fourth Circuit's decision in *Bridges* and other authorities such as *Copper Antitrust*, *Giovanniello*, *Taylor*, *Culver*, *Stone Container*, *Armstrong*, *Andrews*, and *Fernandez*, *supra*. Indeed, a review of cases that cite *American Pipe* reveals in mere minutes that Plaintiffs' argument is not viable. Counsel knew or should have known that there was no good-faith basis upon which Plaintiffs could assert that their claims in this action are timely.

Plaintiffs' contentions in opposition confirm Raytheon's argument: even if they could get around *res judicata*, and they cannot, Plaintiffs' claims are time barred. Plaintiffs and their counsel knew, or should have known, this. Sanctions are warranted.

<u>**CONCLUSION**</u>

The Court should grant Raytheon's motion for sanctions, dismiss Plaintiffs' Complaint with prejudice, and award monetary sanctions in favor of Raytheon.

Dated: February 13, 2025

Respectfully submitted,

By:    */s/ Samantha L. Brooks*

Samantha L. Brooks, VA Bar No. 91928
SEYFARTH SHAW LLP
975 F Street, N.W.
Washington, D.C. 20004
(202) 828-3560
Fax: (202) 641-9209
sbrooks@seyfarth.com

Dawn R. Solowey (admitted *pro hac vice*)

8

316145600v.1

SEYFARTH SHAW LLP
Seaport East, Suite 1200
Two Seaport Lane
Boston, MA 02210
(617) 946-4800
dsolowey@seyfarth.com

Owen R. Wolfe (admitted *pro hac vice*)
SEYFARTH SHAW LLP
620 Eighth Avenue
New York, NY 10018
(212) 218-5500
owolfe@seyfarth.com

*Counsel for Defendant RTX Corporation*

9

316145600v.1

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 13th day of February 2025, the foregoing REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF MOTION FOR SANCTIONS PURSUANT TO RULE 11 was filed with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing to the following counsel of record:

E. Scott Loyd
Lloyd Law Group, PLLC
15 Chester Street
Front Royal, VA 22630
scott@lloydlg.com

*Counsel for Plaintiffs*

 */s/ Samantha L. Brooks*
Samantha L. Brooks
VA Bar No. 91928
SEYFARTH SHAW LLP
975 F Street, N.W.
Washington, D.C. 20004
(202) 828-3560
Fax: (202) 641-9209
sbrooks@seyfarth.com
*Counsel for Defendant RTX Corporation*

316145600v.1