**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

|  |  |  |
|---|---|---|
| KRISTEN GRACE, FRANCISCO GARZA, ROSSANA HERNANDEZ, J. MICHAEL HEYSER, LISA LEAKE, CHRISTOPHER STEIN, CHRISTOPHER SUBLETT, and LESLIE ZEPEDA | ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No. 24-cv-2083-CMH-WBP |
| RTX CORPORATION f/k/a RAYTHEON TECHNOLOGIES CORPORATION, | ) ) ) ) | |
| Defendant. | ) ) | |

## DEFENDANT'S MOTION TO DISMISS PURSUANT TO RULE 12(B)(6)

Defendant RTX Corporation f/k/a Raytheon Technologies Corporation ("Raytheon"),[1] by

its undersigned attorneys, respectfully moves this Court for an order, pursuant to Federal Rule of

Civil Procedure 12(b)(6), dismissing *with prejudice* the Amended Complaint of plaintiffs Kristen

Grace, J. Michael Heyser, Lisa Leake, Christopher Stein, and Leslie Zepeda (the "Arizona

Plaintiffs") and Francisco Garza, Rossana Hernandez, and Christopher Sublett (the "Additional

Plaintiffs") (the Arizona Plaintiffs and the Additional Plaintiffs, collectively, "Plaintiffs").

As set forth more fully in the accompanying Memorandum of Points and Authorities in

Support, Plaintiffs' Amended Complaint should be dismissed with prejudice for four reasons.

**First**, the claims of the Arizona Plaintiffs are barred by *res judicata* because they previously

---

[1] Plaintiffs were actually employed by Raytheon Company, not Raytheon Technologies Company. Raytheon Technologies Company is now RTX Corporation. For ease of reference, RTX Corporation refers to itself and Plaintiffs' employer as "Raytheon."

asserted similar claims in an action filed in the U.S. District Court for the District of Arizona, Case No. 22-cv-00436-TUC-RM (the "Arizona Action"), which was dismissed **with prejudice**. *Leake v. Raytheon Technologies Corp.*, 2023 U.S. Dist. LEXIS 32177 (D. Az. Feb. 27, 2023); *Leake v. Raytheon Technologies Corp.*, 2024 U.S. App. LEXIS 10287 (9th Cir. Apr. 29, 2024), *cert denied*, 2024 U.S. LEXIS 4384 (Oct. 21, 2024).  Because the Amended Complaint in this action arises from the exact same nucleus of fact as the Arizona Action, their claims here are barred by *res judicata.  See, e.g., Laurel Sand & Gravel, Inc. v. Wilson,* 519 F.3d 156, 161-62 (4th Cir. 2008).

**Second**, all of Plaintiffs' claims are time-barred because they waited more than 90 days after receiving right-to-sue letters from the U.S. Equal Employment Opportunity Commission ("EEOC") to commence this action.  *See, e.g., Quinn v. Copart of Conn., Inc.*, 791 F. App'x 393, 395 (4th Cir. 2019).  Each of the Plaintiffs received their right-to-sue letters between October 3, 2022 and August 4, 2024, yet did not commence this action until November 20, 2024.  Even assuming, for the sake of argument, that the tolling doctrine set forth in *American Pipe & Constr. Co. v. Utah*, 414 U. S. 538 (1974) applies, Plaintiffs' claims are *still* untimely because the tolling would not have continued to run during the Arizona Plaintiffs' appeal in the Arizona Action. Accordingly, all Plaintiffs' claims are time-barred.

**Third**, Plaintiffs' Amended Complaint fails to state a claim upon which relief may be granted because Plaintiffs have not adequately alleged that they held religious beliefs that conflicted with the requirements of their employment.  *See, e.g., Ellison v. Inova Health Care Servs.*, 692 F. Supp. 3d 548, 556-61 (E.D. Va. 2023).  Among other things, several Plaintiffs do not allege that they had religious objections to the health and safety conditions of their exemptions from Raytheon's 2021 COVID-19 vaccination policy, and at least one Plaintiff

2

affirmatively alleges that her objections were secular.  The other Plaintiffs do not allege the nature of their purported religious beliefs and do not explain how those beliefs conflicted with health and safety conditions such as testing and masking.  Plaintiffs have not come close to pleading a Title VII cause of action.  Worse, Plaintiffs have had three tries to state a claim—once in the Arizona Action and twice in this Court—but have not done so, despite being on notice of the defects.  Dismissal should therefore be with prejudice.  *See, e.g., Feeley v. Totally Realty Mgmt.*, 660 F. Supp. 2d 700, 715-16 (E.D. Va. 2009).

**Fourth**, the Arizona Plaintiffs' claims are barred by their binding judicial admissions in the Arizona Action.  *See, e.g., Flexi-Van Leasing, Inc. v. Traveles Indem. Co.*, 837 F. App'x 141, 145 (4th Cir. 2020).  Among other things, the Arizona Plaintiffs alleged in the Arizona Action that they did ***not*** have religious objections to masking, testing, and social distancing, and that any objections they did have were secular in nature.  Even setting aside *res judicata*, the Arizona Plaintiffs are bound by their representations to another federal court, and they cannot contradict those representations in this Court.

Accordingly, for multiple, independent reasons, the Amended Complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6), with prejudice.

3

Dated: February 28, 2025

Respectfully submitted,

By:      */s/ Samantha L. Brooks*
　　　　Samantha L. Brooks, VA Bar No. 91928
　　　　SEYFARTH SHAW LLP
　　　　975 F Street, N.W.
　　　　Washington, D.C. 20004
　　　　(202) 828-3560

　　　　Fax: (202) 641-9209
　　　　sbrooks@seyfarth.com

　　　　Dawn R. Solowey (admitted *pro hac vice*)
　　　　SEYFARTH SHAW LLP
　　　　Seaport East, Suite 1200
　　　　Two Seaport Lane
　　　　Boston, MA 02210
　　　　(617) 946-4800
　　　　dsolowey@seyfarth.com

　　　　Owen R. Wolfe (admitted *pro hac vice*)
　　　　SEYFARTH SHAW LLP
　　　　620 Eighth Avenue
　　　　New York, NY 10018
　　　　(212) 218-5500
　　　　owolfe@seyfarth.com

*Counsel for Defendant RTX Corporation*

4

316313615v.1

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 28th day of February 2025, the foregoing MOTION TO

DISMISS was filed with the Clerk of Court using the CM/ECF system, which will then send a

notification of such filing to the following counsel of record:

> E. Scott Loyd
> Lloyd Law Group, PLLC
> 15 Chester Street
> Front Royal, VA 22630
> scott@lloydlg.com
>
> *Counsel for Plaintiffs*


> */s/ Samantha L. Brooks*
> Samantha L. Brooks
> VA Bar No. 91928
> SEYFARTH SHAW LLP
> 975 F Street, N.W.
> Washington, D.C. 20004
> (202) 828-3560
> Fax: (202) 641-9209
> sbrooks@seyfarth.com
> *Counsel for Defendant RTX Corporation*

316313615v.1