# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Alexandria Division

|  |  |  |
|---|---|---|
| KRISTEN GRACE, FRANCISCO GARZA, ROSSANA HERNANDEZ, J. MICHAEL HEYSER, LISA LEAKE, CHRISTOPHER STEIN, CHRISTOPHER SUBLETT, and LESLIE ZEPEDA<br><br>Plaintiffs,<br><br>v.<br><br>RTX CORPORATION f/k/a RAYTHEON TECHNOLOGIES CORPORATION,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 24-cv-2083-CMH-WBP |

## DEFENDANT'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF MOTION TO DISMISS PURSUANT TO RULE 12

Raytheon[1] respectfully submits this reply in further support of its motion to dismiss.

## PRELIMINARY STATEMENT

Plaintiffs' opposition confirms that dismissal is warranted. They do not dispute that this action arises from the same facts and circumstances as the Arizona Action that was dismissed with prejudice. Nor do Plaintiffs dispute that this action was filed more than 90 days after each Plaintiff received his or her right-to-sue letter. Plaintiffs still do not explain what their religious beliefs were or how those beliefs allegedly conflicted with the health and safety conditions of their exemptions from vaccination. And Plaintiffs do not dispute that their statements in the Arizona Action contradict their allegations in this case. This is an action that was brought without any good-faith basis, and it should be dismissed, with prejudice.

---

[1] Capitalized terms not otherwise defined herein have the meanings set forth in Raytheon's opening Memorandum of Points and Authorities in Support of Motion to Dismiss Pursuant to Rule 12 (ECF No. 19).

316738486v.1

With respect to *res judicata*, Plaintiffs cite to a single case, addressed in Raytheon's opening papers, in which the Supreme Court held that, where a class has been certified, a final judgment as to general, class-wide pattern-and-practice allegations does not have *res judicata* effect as to individual discrimination claims, but a final judgment as to any ***individual discrimination claims bars those individuals***.  Here, no class was certified in the Arizona Action and the District Court never had any occasion to consider whether a class was even viable because it dismissed the ***individual discrimination claims*** of the Arizona Plaintiffs ***with prejudice***.  It is a basic precept of our legal system that individuals whose claims are dismissed with prejudice cannot bring suit again based upon the same facts and circumstances.

With respect to timeliness, Plaintiffs do not cite to a single case holding that *American Pipe* tolling extends during appeal where, as here, Plaintiffs never sought a stay pending appeal. They do not address the extensive authority holding otherwise, except to assert, without support, that every other court to consider the issue got it wrong and this Court should become what would apparently be the first to find that tolling continues during appeal under these circumstances.  Plaintiffs' novel argument should be rejected.

Plaintiffs similarly have no real argument that they sufficiently pled their religious beliefs or any conflict between those beliefs and masking, testing, and other health and safety conditions of their vaccination exemptions.  Plaintiffs cite to a decision by Judge David Novak where Judge Novak ***dismissed*** the plaintiff's Title VII claims.  Judge Novak's decision is directly on point and confirms why Plaintiffs' claims should be dismissed: they failed to explain the nature of their religious beliefs or why those beliefs conflicted with masking, testing, and the like.  Even setting aside *res judicata* and timeliness, Plaintiffs' Amended Complaint fails.

316738486v.1

Plaintiffs also do not dispute that their allegations in the Arizona Action contradict their allegations in this Court. Plaintiffs' argument is essentially that this Court should ignore what Plaintiffs told a sister District Court in Arizona. The Court should reject that argument.

Plaintiffs' commencement of this action was egregious. The action should never have been filed. Plaintiffs have no real response or supporting legal authority to address the numerous flaws with their pleading, even after having had three bites at the proverbial apple (one in Arizona and two in this Court). By doubling-down and filing an Amended Complaint, Plaintiffs have wasted both this Court's and Raytheon's time and resources. Dismissal should be with prejudice, and the Court should also sanction Plaintiffs pursuant to the renewed Rule 11 motion Raytheon intends to file upon the expiration of the 21-day period set forth in Rule 11(c).

## ARGUMENT

### A. Plaintiffs' Opposition Confirms That Their Claims are Barred by *Res Judicata*.

Plaintiffs do not dispute that this action arises from the same facts and circumstances as the Arizona Action. *See* ECF No. 22 at 4-6. That, without more, confirms that the Complaint is barred. ECF No. 19 at 5-6. They rely, again, on a single case: *Cooper v. Federal Reserve Bank*, 467 U.S. 867, 880 (1984). According to Plaintiffs, *Cooper* stands for the proposition that where a class action complaint is dismissed, individual intervenors are barred from suing again, but the other class members, including the original named plaintiffs, are not. *See* ECF No. 22 at 4-6. Counsel cannot reasonably believe this, however, because *Cooper* refutes the argument.

As set forth in Raytheon's opening brief (ECF No. 19 at 5-6), *Cooper* held that a decision regarding general, class-wide allegations of a pattern and practice, rather than individual allegations of discrimination, does not bar individual class members from later suing for discrimination based upon their individual factual circumstances. *Cooper*, 467 U.S. at 880. But

3

316738486v.1

where "the individual claims" of named plaintiffs "have been finally decided in the [defendant's] favor," those individuals are barred from suing again. *Id.* at 873-74 and n.7.

Although Plaintiffs emphasize the fact that the individuals who were barred in *Cooper* became named plaintiffs by intervening after commencement of the action, the Supreme Court did not hold that *res judicata* only applies to intervenors; that would make no sense because when parties intervene, they "assume the status of full participants in a lawsuit and are normally treated as if they were original parties once intervention is granted." *D.C. v. Merit Systems Protection Bd.*, 762 F.2d 129, 132 (D.C. Cir. 1985). Rather, the Court held that *res judicata* barred the intervening named plaintiffs because their "individual claims," as opposed to general, class-wide allegations not specific to any particular plaintiff, were finally decided by the district court. *Cooper*, 467 U.S. at 473-74 and n.7.

That is exactly what happened here. No class was ever certified in the Arizona Action; the District Court ***specifically declined*** to address class allegations; and there was no generalized, class-wide holding. *See Leake v. Raytheon Technologies Corp.*, 2023 U.S. Dist. LEXIS 32177 , at *19 (D. Az. Feb. 27, 2023), *aff'd*, 2024 U.S. App. LEXIS 10287 (9th Cir. Apr. 29, 2024), *cert denied*, 2024 U.S. LEXIS 4384 (Oct. 21, 2024). Nor did the District Court in Arizona dismiss based upon class-wide allegations of a general "pattern and practice" not applicable to any specific plaintiff: the District Court examined the ***individualized allegations*** of the Arizona Plaintiffs and determined that their ***individual claims of discrimination must be dismissed with prejudice***. *See id.* at *13-19. "[T]he individual claims of each of the" Arizona Plaintiffs "have been finally decided in [Raytheon's] favor." *See Cooper*, 467 U.S. at 873-74.

Plaintiffs have not cited ***to a single case*** holding that the dismissal of named plaintiffs' ***individual claims*** in a putative class action does not have preclusive effect as to those named

4

316738486v.1

plaintiffs.  It should go without saying that the law is to the contrary.  When a class action is dismissed, the dismissal "of the named employees' individual claims *is binding as to those employees*."  *Muhammad v. Giant Food*, 108 F. App'x 757, 765 n.5 (4th Cir. 2004) (emphasis added); *see also, e.g., Alexander v. Chicago Park Dist.*, 773 F.2d 850, 854 (7th Cir. 1985) (dismissal of class action "*does not affect application of res judicata against the named plaintiffs*" (emphasis added)).

Again, Plaintiffs do not dispute that this action arises out of the same facts and circumstances as the Arizona Action.  *See* ECF No. 22 at 4-6.  They cite no law holding that where the individual claims of the named plaintiffs are adjudicated to conclusion, those named plaintiffs are permitted to bring another suit based on the same facts and circumstances.  *See id.* Nor could they: when an individual's claim is dismissed by a court with prejudice, that individual cannot bring a subsequent suit based upon the same facts and circumstances.  The Amended Complaint should be dismissed, with prejudice.

### B.  Plaintiffs' Claims are Time-Barred.

Plaintiffs also do not dispute that this action, standing alone, was not timely because it was filed more than 90 days after every single Plaintiff received his or her EEOC right-to-sue letter.  *See* ECF No. 22 at 6-9.  Plaintiffs also cite to no authority for the proposition that *American Pipe* tolling continues through appeal.  *See id.*  Plaintiffs concede (*see id.* at 9) the existence of extensive authority from across the United States holding that *American Pipe* tolling *does not continue through appeal*, based upon the narrowness of the doctrine and the fact that federal district court judgments are effective while an appeal is pending, unless a stay is entered. *See* Fed. R. Civ. P. 62; *see also* ECF No. 19 at 7-9.  Plaintiffs do not cite to even *one* case in which a court held that *American Pipe* tolling extends through an appeal.  *See* ECF No. 22 at 9.

5

316738486v.1

Plaintiffs' "argument" is simply that, in their view, every other court to consider this issue has gotten it wrong.  *See id.*  Plaintiffs effectively ask this Court to ignore the holdings of numerous other Circuit Courts and District Courts, and to instead become what would seem to be the first court to ever find that *American Pipe* tolling extends through appeal under these circumstances.  The Court should reject that invitation.

**C. Plaintiffs Failed to Plead Their Religious Beliefs or a Conflict Between Those Beliefs and the Health and Safety Conditions of Their Vaccination Exemptions.**

Plaintiffs' original Complaint did not explain the nature of their religious beliefs or how those beliefs conflict with masking and testing, and Plaintiffs failed to correct those fatal defects in the Amended Complaint.  ECF No. 19 at 9-16.  In opposition, Plaintiffs essentially argue that they are not required to allege what their beliefs were or how they conflicted with the health and safety conditions.  ECF No. 22 at 10-12.  Plaintiffs' own cited authority holds otherwise.

Plaintiffs attempt to frame Raytheon's arguments as going to "sincerity."  ECF No. 22 at 11-12.  Plaintiffs are wrong: again, Raytheon assumes, for purposes of this motion, that Plaintiffs' beliefs were sincere.  *See* ECF No. 19 at 10.  The problem is that the Court and Raytheon do not know what Plaintiffs' beliefs were or why those beliefs conflicted with masking and testing.  *See id.* at 10-16.  Plaintiffs' citation (ECF No. 22 at 12) to Judge Novak's decision in *Chinnery v. Kaiser Found. Health Plan of the Mid-Atlantic States, Inc.*, 2024 U.S. Dist. LEXIS 110887 (E.D. Va. June 24, 2024) proves the point.

There, the plaintiff alleged the nature of her religious beliefs: "her 'Christian . . . faith' compels the belief that her 'body is the Temple of the Holy Spirit,' her 'blood is sacred' and that both must be kept '[]pure' by avoiding 'any foreign substances . . . being inserted' therein."  *Id.* at *12.  By contrast, Plaintiffs here simply asserted that they have religious beliefs, without any explanation as to what those beliefs are.  *See* ECF No. 22 at 10-11; *see also* ECF No. 19 at 12-

6

14. There are no allegations that, for example, Plaintiffs' beliefs require that their bodies be kept "pure" or that they must avoid "foreign substances." *See* ECF No. 22 at 10-11; ECF No. 19 at 12-14. Despite being on notice of this problem from both the Arizona Action and Raytheon's motion to dismiss the original Complaint (*see* ECF No. 8 at 6-13), Plaintiffs failed to address this fatal defect.

There is another problem with Plaintiffs' pleading, however, which is also captured by Judge Novak's decision in *Chinnery*. In that case, even though the plaintiff adequately pled the nature of her beliefs (unlike Plaintiffs here), Judge Novak ***dismissed*** her claims, including dismissing her claim for alleged failure to accommodate ***with prejudice***. *Chinnery*, 2024 U.S. Dist. LEXIS 110887, at \*15. The plaintiff did not "plausibly allege a conflict between her faith and Kaiser's workplace policies" because she did not "explain why the COVID vaccine defiles God's design" or otherwise conflicted with her religion. *Id.* at \*13. As Judge Novak explained:

> Cases dismissing these claims are legion. These dismissals crystalize around one unifying theme: a conviction that glorification of self glorifies the Lord, accepted as true, does not plead a conflict with vaccination. The problem is not the faith; similar adherents to Chinnery's brand of Christianity have successfully pled Title VII claims. Those claimants have done so by ***pointing to specific and plausible grounds for why the vaccine clashes with the tenants of their religion***. For example, objecting to a vaccine on the grounds that it contains or was developed using ingredients prohibited by one's faith, such as fetal cells or pork products, suffices to 'plausibly connect [a] refusal to receive the vaccine with [] religious beliefs,' such as the sanctity of the body as a temple to God. But a blanket objection to anything 'foreign' or 'impure' does not plausibly plead a religious conflict, since such statements cannot be taken literally and do not explain what renders a vaccine foreign or impure.

*Id.* at \*14-15 (emphasis added) (footnote and citations omitted).

Here, just like the plaintiff in *Chinnery*, Plaintiffs have not "point[ed] to specific and plausible grounds for why" masking and testing "clashes with the tenants of their religion." *Id.* The Court and Raytheon have no idea why Plaintiffs' beliefs, whatever they may be, are incompatible with wearing a mask, testing for COVID, and the like.

7

"[I]t it is not the Court's job to act as advocate for the plaintiff or to 'ferret through a complaint, searching for viable claims.'" *Bond v. United States Dep't of Educ.*, 2014 U.S. Dist. LEXIS 114144, at *9 (W.D. Va. Aug. 18, 2014).  Plaintiffs were required to expressly allege the nature of their religious beliefs and how those beliefs conflicted with Raytheon's workplace requirements.  Plaintiffs did not do so in the Arizona Action; they did not do so in their original Complaint in this action; and they did not do so in their Amended Complaint in this action.  The Amended Complaint should be dismissed, with prejudice.

### D.  Plaintiffs Cannot Walk Away From Their Assertions in Arizona.

Raytheon also demonstrated that Plaintiffs are contradicting their assertions to the District Court in the Arizona Action.  ECF No. 19 at 16-18.  Plaintiffs do not deny making these assertions, but cite to out-of-Circuit cases to argue that their admissions are only binding in the Arizona Action.  *See* ECF No. 22 at 12-14.  Other courts have held, however, that a motion to dismiss can be granted, and a motion for leave to amend denied, where, *inter alia*, "Plaintiffs' contention…is contradicted by…the allegations made in their prior action" against the same defendant.  *Zinni v. White*, 2012 U.S. Dist. LEXIS 33896, at *6 (D. Ariz. Mar. 14, 2012).  That outcome makes sense because where, as here, the same plaintiffs are suing the same defendant based upon the same facts and circumstances, the situation is akin to a plaintiff attempting to submit an amended complaint that contradicts its prior pleading, which is barred.  *See Quattlebaum v. Earl Indus.*, 2005 U.S. Dist. LEXIS 32419, at *29-30 (E.D. Va. Sept. 2, 2005) ("Plaintiff cannot amend his complaint…without contradicting facts alleged in his complaint").

Plaintiffs argue briefly that this Court should ignore what Plaintiffs said to another federal court because "there were significant issues with the manner in which the parties' previous attorney framed the" Arizona Action and this "call[s] into question any statement that

316738486v.1

could otherwise be considered a judicial admission." ECF No. 22 at 13-14. Plaintiffs cite to no supporting evidence, other than pointing generally to the record in the Ninth Circuit appeal in the Arizona Action. Plaintiffs should not be permitted to contradict in this Court what they represented to the Arizona court.

### E. Plaintiffs Have Not Requested Leave to Amend, Which Would be Futile.

In their opposition, Plaintiffs do not request leave to further amend or suggest they could make amendments that would cure the fatal defects of the Amended Complaint. Nor could they. As set forth in Raytheon's opening papers (ECF No. 19 at 16), any further amendment would be futile. No amount of re-pleading can get around *res judicata* or the fact that Plaintiffs' claims are untimely. Moreover, Plaintiffs already had three tries (between the Arizona Action and this action) and have failed each time, rendering a further amendment futile. *See, e.g., Feeley v. Totally Realty Mgmt.*, 660 F. Supp. 2d 700, 715-16 (E.D. Va. 2009) ("Given the multiple attempts that Plaintiffs have had to sufficiently set forth their allegations in three tries, this Court is of the opinion that further leave to amend is futile, and therefore the dismissal is with prejudice"). Dismissal should be with prejudice.

### CONCLUSION

The Court should grant Raytheon's motion and dismiss Plaintiffs' Complaint with prejudice.

Dated: March 20, 2025

Respectfully submitted,

By:    /s/ Samantha L. Brooks
Samantha L. Brooks, VA Bar No. 91928
SEYFARTH SHAW LLP
975 F Street, N.W.
Washington, D.C. 20004
(202) 828-3560
Fax: (202) 641-9209

9

316738486v.1

sbrooks@seyfarth.com

Dawn R. Solowey (admitted *pro hac vice*)
SEYFARTH SHAW LLP
Seaport East, Suite 1200
Two Seaport Lane
Boston, MA 02210
(617) 946-4800
dsolowey@seyfarth.com

Owen R. Wolfe (admitted *pro hac vice*)
SEYFARTH SHAW LLP
620 Eighth Avenue
New York, NY 10018
(212) 218-5500
owolfe@seyfarth.com

*Counsel for Defendant RTX Corporation*

10

316738486v.1

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 20th day of March 2025, the foregoing REPLY

MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF MOTION

FOR SANCTIONS PURSUANT TO RULE 12 was filed with the Clerk of Court using the

CM/ECF system, which will then send a notification of such filing to the following counsel of

record:

> E. Scott Loyd
> Lloyd Law Group, PLLC
> 15 Chester Street
> Front Royal, VA 22630
> scott@lloydlg.com
>
> *Counsel for Plaintiffs*

> */s/ Samantha L. Brooks*
> Samantha L. Brooks
> VA Bar No. 91928
> SEYFARTH SHAW LLP
> 975 F Street, N.W.
> Washington, D.C. 20004
> (202) 828-3560
> Fax: (202) 641-9209
> sbrooks@seyfarth.com
> *Counsel for Defendant RTX Corporation*

316738486v.1