**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

|  |  |  |
|---|---|---|
| KRISTEN GRACE, FRANCISCO GARZA, ROSSANA HERNANDEZ, J. MICHAEL HEYSER, LISA LEAKE, CHRISTOPHER STEIN, CHRISTOPHER SUBLETT, and LESLIE ZEPEDA<br><br>Plaintiffs,<br><br>v.<br><br>RTX CORPORATION f/k/a RAYTHEON TECHNOLOGIES CORPORATION,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 24-cv-2083-CMH-WBP |

**DEFENDANT'S REPLY MEMORANDUM OF
POINTS AND AUTHORITIES IN FURTHER SUPPORT OF
RENEWED MOTION FOR SANCTIONS PURSUANT TO RULE 11**

Raytheon[1] respectfully submits this reply in further support of its renewed motion for

sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure.

**ARGUMENT**

Plaintiffs' opposition (ECF No. 28) repeats arguments that Raytheon already addressed in

its prior Rule 11 reply (ECF No. 15); in its Rule 12 motion to dismiss and reply (ECF Nos. 19,

23); and in its opening memorandum on this motion (ECF No. 26).  Raytheon respectfully refers

the Court to those filings and summarizes its prior arguments only briefly here.

With respect to *res judicata*, no attorney could reasonably believe that *Cooper v. Federal*

*Reserve Bank*, 467 U.S. 867 (1984) authorized the Arizona Plaintiffs to file suit again.  *Cooper*

---

[1] Capitalized terms not otherwise defined herein have the meanings set forth in Raytheon's opening Memorandum of Points and Authorities in Support of Renewed Motion for Sanctions Pursuant to Rule 11 (ECF No. 26).

316145600v.2

clearly holds that where individual claims are dismissed with prejudice, those individuals are barred from suing again; only class members whose individual claims were not adjudicated can later bring suit. *Id.* at 873-74 and n.7. Here, the Arizona District Court dismissed the Arizona Plaintiffs' *individual* claims and expressly did not reach any class issues. *See Leake v. Raytheon Technologies Corp.*, 2023 U.S. Dist. LEXIS 32177 , at *13-19 (D. Az. Feb. 27, 2023), *aff'd*, 2024 U.S. App. LEXIS 10287 (9th Cir. Apr. 29, 2024), *cert denied*, 2024 U.S. LEXIS 4384 (Oct. 21, 2024). *Cooper refutes* Plaintiffs' position.

That Plaintiffs are barred is confirmed by Raytheon's cited authorities in its opening memorandum and prior filings, which Plaintiffs do not address. *Muhammad v. Giant Food*, 108 F. App'x 757, 765 n.5 (4th Cir. 2004) (dismissal "of the named employees' individual claims *is binding as to those employees*" (emphasis added)); *see also, e.g., Alexander v. Chicago Park Dist.*, 773 F.2d 850, 854 (7th Cir. 1985) (dismissal of class action "*does not affect application of res judicata against the named plaintiffs*" (emphasis added)); *see also* ECF No. 15 at 4; ECF No. 23 at 5; ECF No. 26 at 20-21. Plaintiffs have no response to this authority.

Plaintiffs cite no law holding that where the individual claims of named plaintiffs are adjudicated to conclusion, those named plaintiffs are permitted to bring another suit based on the same facts and circumstances. Nor could they: it is a basic point of our legal system that when an individual's claim is dismissed by a court with prejudice, that individual cannot bring a subsequent suit based upon the same facts and circumstances. Plaintiffs and their counsel could not, in good faith, believe otherwise. Rule 11 sanctions are warranted.

With respect to timeliness, although Plaintiffs contend that Raytheon's argument is "contradictory" (ECF No. 28 at 8-9), *Plaintiffs'* argument is an about-face from their *res judicata* argument. After arguing that the dismissal *with prejudice* of the Arizona Action is

2

meaningless in this jurisdiction, Plaintiffs reverse course and argue that the Arizona Action has one effect after all: to toll the statute of limitations and somehow render Plaintiffs' claims timely.

The audacity of this argument is hard to overstate. Plaintiffs' contention is that not only did the dismissal with prejudice of the Arizona Action not have any preclusive effect, but it extended their time to file a new suit elsewhere. The Arizona District Court and Ninth Circuit would no doubt be surprised to learn that by dismissing the Arizona Plaintiffs' claims with prejudice, they were enabling the Arizona Plaintiffs to file a duplicative and otherwise time-barred claim in another jurisdiction. That is, of course, not the law, and Plaintiffs cite to no legal authority for this outrageous proposition. *See* ECF No. 28 at 8-13.

Plaintiffs rely, again, on *American Pipe* tolling, but as set forth in Raytheon's prior papers, no court has ever held that *American Pipe* tolling continues during an appeal under these circumstances. *See* ECF No. 15 at 6-8; ECF No. 19 at 7-9; ECF No. 23 at 5-6; ECF No. 26 at 22-24. Plaintiffs cite to no authority to support their position, instead suggesting that every other court to consider this issue got it wrong and that this Court should become what would apparently be the first in the country to hold that *American Pipe* tolling continues during appeal under these circumstances. *See* ECF No. 28 at 9-13.

Since Plaintiffs' argument has no legal support, sanctions are warranted.

316145600v.2

## CONCLUSION

The Court should grant Raytheon's motion for sanctions, dismiss Plaintiffs' Complaint with prejudice, and award monetary sanctions in favor of Raytheon.

Dated: April 16, 2025

Respectfully submitted,

By: _/s/ Samantha L. Brooks_
Samantha L. Brooks, VA Bar No. 91928
SEYFARTH SHAW LLP
975 F Street, N.W.
Washington, D.C. 20004
(202) 828-3560
Fax: (202) 641-9209
sbrooks@seyfarth.com

Dawn R. Solowey (admitted *pro hac vice*)
SEYFARTH SHAW LLP
Seaport East, Suite 1200
Two Seaport Lane
Boston, MA 02210
(617) 946-4800
dsolowey@seyfarth.com

Owen R. Wolfe (admitted *pro hac vice*)
SEYFARTH SHAW LLP
620 Eighth Avenue
New York, NY 10018
(212) 218-5500
owolfe@seyfarth.com

*Counsel for Defendant RTX Corporation*

4

316145600v.2

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 16th day of April 2025, the foregoing REPLY

MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF

RENEWED MOTION FOR SANCTIONS PURSUANT TO RULE 11 was filed with the Clerk

of Court using the CM/ECF system, which will then send a notification of such filing to the

following counsel of record:

> E. Scott Loyd
> Lloyd Law Group, PLLC
> 15 Chester Street
> Front Royal, VA 22630
> scott@lloydlg.com
>
> *Counsel for Plaintiffs*

>   */s/ Samantha L. Brooks*
> Samantha L. Brooks
> VA Bar No. 91928
> SEYFARTH SHAW LLP
> 975 F Street, N.W.
> Washington, D.C. 20004
> (202) 828-3560
> Fax: (202) 641-9209
> sbrooks@seyfarth.com
> *Counsel for Defendant RTX Corporation*

316145600v.2