**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

|  |  |  |
|---|---|---|
| | ) | |
| KRISTEN GRACE, FRANCISCO GARZA, ROSSANA HERNANDEZ, J. MICHAEL HEYSER, LISA LEAKE, CHRISTOPHER STEIN, CHRISTOPHER SUBLETT, and LESLIE ZEPEDA | ) ) ) ) ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. 24-cv-2083-CMH-WBP |
| | ) | |
| RTX CORPORATION f/k/a RAYTHEON TECHNOLOGIES CORPORATION, | ) ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S AMENDED MOTION FOR SANCTIONS PURSUANT TO RULE 11**

In accordance with the Court's August 4, 2025 Order (ECF No. 32), Defendant RTX Corporation f/k/a Raytheon Technologies Corporation ("Raytheon"),[1] by its undersigned attorneys, respectfully submits this amended motion for an order sanctioning plaintiffs Kristen Grace, Rossana Hernandez, J. Michael Heyser, Lisa Leake, Christopher Stein, Christopher Sublett, and Leslie Zepeda (collectively, "Plaintiffs")[2] and their counsel pursuant to Rule 11 of the Federal Rules of Civil Procedure by awarding monetary sanctions in the amount of $45,000.

As set forth more fully in the accompanying Memorandum of Points and Authorities in Support and the Declaration of Samantha L. Brooks and exhibits thereto, Plaintiffs and their counsel violated Rule 11 for two reasons. **First**, the claims of plaintiffs Grace, Heyser, Leake,

---

[1] Plaintiffs were actually employed by Raytheon Company, not Raytheon Technologies Company. Raytheon Technologies Company is now RTX Corporation. For ease of reference, RTX Corporation refers to itself and Plaintiffs' employer as "Raytheon."

[2] Raytheon is not seeking sanctions against Plaintiff Francisco Garza based upon his counsel's representation that Mr. Garza wishes to withdraw from this lawsuit.

315818375v.3

Stein, and Zepeda (collectively, the "Arizona Plaintiffs") were barred by *res judicata* because they previously asserted similar claims in an action filed in the U.S. District Court for the District of Arizona, Case No. 22-cv-00436-TUC-RM, which was dismissed **with prejudice**. *Leake v. Raytheon Technologies Corp.*, 2023 U.S. Dist. LEXIS 32177 (D. Az. Feb. 27, 2023); *Leake v. Raytheon Technologies Corp.*, 2024 U.S. App. LEXIS 10287 (9th Cir. Apr. 29, 2024), *cert denied*, 2024 U.S. LEXIS 4384 (Oct. 21, 2024). Because the Complaint and Amended Complaint in this action concededly arise from the exact same nucleus of fact as the Arizona Plaintiffs' prior action, their claims in this action are barred by *res judicata*. *See, e.g., Laurel Sand & Gravel, Inc. v. Wilson,* 519 F.3d 156, 161-62 (4th Cir. 2008). District Judge Claude M. Hilton agreed, holding in his July 22, 2025 Order that the Arizona Plaintiffs' claims were barred by *res judicata*. ECF No. 31 at 3-6.

**Second**, all of Plaintiffs' claims were time-barred because they waited more than 90 days after receiving right-to-sue letters from the U.S. Equal Employment Opportunity Commission ("EEOC") to commence this action. *See, e.g., Quinn v. Copart of Conn., Inc.*, 791 F. App'x 393, 395 (4th Cir. 2019). Each of the Plaintiffs received their right-to-sue letters between October 3, 2022 and August 4, 2024, yet did not commence this action until November 20, 2024. Even assuming, for the sake of argument, that the tolling doctrine set forth in *American Pipe & Constr. Co. v. Utah*, 414 U. S. 538 (1974) applies, Plaintiffs' claims were *still* untimely because the tolling would not have continued to run during the Arizona Plaintiffs' appeal in the Arizona Action. Accordingly, all Plaintiffs' claims were time-barred. Again, Judge Hilton agreed, holding in his July 22, 2025 Order that Plaintiffs' claims were time-barred and that *American Pipe* tolling does not continue during an appeal. ECF No. 31 at 6-8.

315818375v.3

Plaintiffs' and their counsel's conduct violated Rule 11 because they knew that Plaintiffs' claims were barred, yet proceeded anyway.  Raytheon served its original Rule 11 motion and supporting papers on Plaintiffs on December 31, 2024, but Plaintiffs failed to withdraw the Complaint within 21 days of service.  After that motion was fully briefed on February 13, 2025, Plaintiffs doubled-down by filing an Amended Complaint.  *See* ECF Nos. 15, 16.  Accordingly, Plaintiffs and their counsel should be sanctioned for violating Rule 11.

Dated: August 8, 2025

Respectfully submitted,

By:     */s/ Samantha L. Brooks*
Samantha L. Brooks, VA Bar No. 91928
SEYFARTH SHAW LLP
975 F Street, N.W.
Washington, D.C. 20004
(202) 828-3560
Fax: (202) 641-9209
sbrooks@seyfarth.com

Dawn R. Solowey (admitted *pro hac vice*)
SEYFARTH SHAW LLP
Seaport East, Suite 1200
Two Seaport Lane
Boston, MA 02210
(617) 946-4800
dsolowey@seyfarth.com

Owen R. Wolfe (admitted *pro hac vice*)
SEYFARTH SHAW LLP
620 Eighth Avenue
New York, NY 10018
(212) 218-5500
owolfe@seyfarth.com

*Counsel for Defendant RTX Corporation*

3

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 8th day of August 2025, the foregoing AMENDED MOTION

FOR SANCTIONS PURSUANT TO RULE 11 was filed with the Clerk of Court using the

CM/ECF system, which will then send a notification of such filing to the following counsel of

record:

> E. Scott Loyd
> Lloyd Law Group, PLLC
> 15 Chester Street
> Front Royal, VA 22630
> scott@lloydlg.com
>
> *Counsel for Plaintiffs*

>  */s/ Samantha L. Brooks*
> Samantha L. Brooks
>  VA Bar No. 91928
> SEYFARTH SHAW LLP
> 975 F Street, N.W.
> Washington, D.C. 20004
> (202) 828-3560
> Fax: (202) 641-9209
> sbrooks@seyfarth.com
> *Counsel for Defendant RTX Corporation*

315818375v.3