**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

|  |  |  |
|---|---|---|
| KRISTEN GRACE, FRANCISCO GARZA, ROSSANA HERNANDEZ, J. MICHAEL HEYSER, LISA LEAKE, CHRISTOPHER STEIN, CHRISTOPHER SUBLETT, and LESLIE ZEPEDA | ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No. 24-cv-2083-CMH-WBP |
| RTX CORPORATION f/k/a RAYTHEON TECHNOLOGIES CORPORATION, | ) ) ) | |
| Defendant. | ) ) | |

**DECLARATION OF SAMANTHA L. BROOKS IN SUPPORT**
**OF DEFENDANT'S AMENDED MOTION FOR SANCTIONS PURSUANT TO RULE 11**

I, Samantha L. Brooks, counsel for Defendant RTX Corporation f/k/a Raytheon

Technologies Corporation ("Raytheon"),[1] certify under penalty of perjury, pursuant to 28 U.S.C.

§ 1746, that the following is true and correct:

1.     I am over 18 years of age, of sound mind, and otherwise competent to make this

Declaration.

2.     I am counsel of record representing Raytheon in the above-captioned action.

3.     Annexed hereto as **Exhibit A** is a true and correct copy of the Complaint filed by

Kristen Grace, J. Michael Heyser, Lisa Leake, Christopher Stein, and Leslie Zepeda

---

[1] Plaintiffs were actually employed by Raytheon Company, not Raytheon Technologies Company.  Raytheon Technologies Company is now RTX Corporation.  For ease of reference, I refer to RTX Corporation and Plaintiffs' employer as "Raytheon."

(collectively, the "Arizona Plaintiffs") in *Leake, et al. v. Raytheon Technologies Company*, Case No. 22-cv-00436-TUC-RM (D. Az.) (the "Arizona Action").

4.      Annexed hereto as **Exhibit B** is a true and correct copy of the Order entered by the Honorable Rosemary Márquez, U.S. District Judge, dated February 27, 2023, in the Arizona Action.

5.      Annexed hereto as **Exhibit C** is a true and correct copy of the Memorandum Opinion entered by the United States Court of Appeals for the Ninth Circuit, dated April 29, 2024, in connection with the Arizona Action.

6.      Annexed hereto as **Exhibit D** is a true and correct copy of the Determination and Notice of Rights issued by the U.S. Equal Employment Opportunity Commission ("EEOC") to Francisco Garza, dated October 3, 2022.

7.      Annexed hereto as **Exhibit E** is a true and correct copy of the Determination and Notice of Rights issued by the EEOC to Kristen Grace, dated October 13, 2022.

8.      Annexed hereto as **Exhibit F** is a true and correct copy of the Determination and Notice of Rights issued by the EEOC to Lisa Leake, dated October 24, 2022.

9.      Annexed hereto as **Exhibit G** is a true and correct copy of the Determination and Notice of Rights issued by the EEOC to Christopher Stein, dated October 26, 2022.

10.     Annexed hereto as **Exhibit H** is a true and correct copy of the Determination and Notice of Rights issued by the EEOC to Leslie Zepeda, dated December 13, 2022.

11.     Annexed hereto as **Exhibit I** is a true and correct copy of the Determination and Notice of Rights issued by the EEOC to Christopher Sublett, dated April 13, 2023.

12.     Annexed hereto as **Exhibit J** is a true and correct copy of the Determination and Notice of Rights issued by the EEOC to Rossana Hernandez, dated January 2, 2024.

13.    Annexed hereto as **Exhibit K** is a true and correct copy of the Determination and Notice of Rights issued by the EEOC to J. Michael Heyser, dated August 5, 2024.

14.    Annexed hereto as **Exhibit L** is a true and correct copy of a letter sent by my colleague, Owen R. Wolfe, to Plaintiffs' counsel, dated December 9, 2024.

15.    Annexed hereto as **Exhibit M** is a true and correct copy of email correspondence between Mr. Wolfe and Plaintiffs' counsel, dated December 9, December 13, and December 16, 2024.

16.    On December 31, 2024, Raytheon's counsel transmitted a copy of its original motion for Rule 11 sanctions and supporting papers, including this declaration and exhibits, to Plaintiffs' counsel via email.

17.    Annexed hereto as **Exhibit N** is a true and correct copy of the December 31, 2024 email transmitting Raytheon's original motion for Rule 11 sanctions and supporting papers to Plaintiffs' counsel.

18.    On March 3, 2025, Raytheon's counsel transmitted a copy of this renewed Rule 11 motion and supporting papers, including this declaration and exhibits, to Plaintiffs' counsel via email.

19.    Annexed hereto as **Exhibit O** is a true and correct copy of the March 3, 2025 email transmitting Raytheon's renewed motion for Rule 11 sanctions and supporting papers to Plaintiffs' counsel.

20.    Annexed hereto as **Exhibit P** is a true and correct copy of the Motion to Stay Proceeding and Alternative Motion to Substitute Briefing (or Supplement Briefing) and to Extend Time for Hearing filed by the Arizona Plaintiffs in the United States Court of Appeals for the Ninth Circuit on October 20, 2023.

- 4 -

21.     Based upon my review of Seyfarth Shaw LLP's billing records, I believe that Raytheon has incurred legal fees and costs of $45,000 in connection with its pre-motion efforts to resolve this issue with Plaintiffs' counsel; the drafting of its original Rule 11 motion and renewed Rule 11 motion; the drafting of Raytheon's separate motion to dismiss the original Complaint pursuant to Rule 12 and its subsequent motion to dismiss the Amended Complaint. The $45,000 amount does not include the fees associated with this amended motion and any oral argument that the Court may schedule on these motions.

Executed on:  August 8, 2025        By: */s/ Samantha L. Brooks*
                                    Samantha L. Brooks
                                    *Counsel for Defendant RTX Corporation*