**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

|  |  |  |
|---|---|---|
| KRISTEN GRACE, FRANCISCO GARZA, ROSSANA HERNANDEZ, J. MICHAEL HEYSER, LISA LEAKE, CHRISTOPHER STEIN, CHRISTOPHER SUBLETT, and LESLIE ZEPEDA | ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No. 24-cv-2083-CMH-WBP |
| RTX CORPORATION f/k/a RAYTHEON TECHNOLOGIES CORPORATION, | ) ) ) | |
| Defendant. | ) ) | |

**DEFENDANT'S REPLY MEMORANDUM OF
POINTS AND AUTHORITIES IN FURTHER SUPPORT OF
AMENDED MOTION FOR SANCTIONS PURSUANT TO RULE 11**

Raytheon[1] respectfully submits this reply in further support of its amended motion for

sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure.

**ARGUMENT**

Plaintiffs' opposition (ECF No. 38) repeats arguments that Raytheon already addressed in

its prior Rule 11 reply (ECF No. 15); in its Rule 12 motion to dismiss and reply (ECF Nos. 19,

23); in its opening memorandum on its renewed Rule 11 motion (ECF No. 26); and in its reply in

support of that renewed Rule 11 motion (ECF No. 29).  Plaintiffs continue to rely upon

arguments that were not only rejected by District Judge Claude M. Hilton, but for which

---

[1] Capitalized terms not otherwise defined herein have the meanings set forth in Raytheon's opening Memorandum of Points and Authorities in Support of Amended Motion for Sanctions Pursuant to Rule 11 (ECF No. 34).

319988695v.1

Plaintiffs have never been able to cite *any* legal support.  The fact that Plaintiffs continue to offer the same, unsupported arguments underscores the need for sanctions.

With respect to *res judicata*, no attorney could reasonably believe that *Cooper v. Federal Reserve Bank*, 467 U.S. 867 (1984) authorized the Arizona Plaintiffs to file suit again.  *Cooper* clearly holds that where individual claims are dismissed with prejudice, those individuals are barred from suing again; only class members whose individual claims were not adjudicated can later bring suit.  *Id.* at 873-74 and n.7.  Here, the Arizona District Court dismissed the Arizona Plaintiffs' *individual* claims and expressly did not reach any class issues.  *See Leake v. Raytheon Technologies Corp.*, 2023 U.S. Dist. LEXIS 32177, at *13-19 (D. Az. Feb. 27, 2023), *aff'd*, 2024 U.S. App. LEXIS 10287 (9th Cir. Apr. 29, 2024), *cert denied*, 2024 U.S. LEXIS 4384 (Oct. 21, 2024).  *Cooper refutes* Plaintiffs' position.

That Plaintiffs' claims are barred is confirmed by Raytheon's cited authorities in its opening memorandum and prior filings, which Plaintiffs do not address.  *Muhammad v. Giant Food*, 108 F. App'x 757, 765 n.5 (4th Cir. 2004) (dismissal "of the named employees' individual claims *is binding as to those employees*" (emphasis added)); *see also, e.g., Alexander v. Chicago Park Dist.*, 773 F.2d 850, 854 (7th Cir. 1985) (dismissal of class action "*does not affect application of res judicata against the named plaintiffs*" (emphasis added)); *see also* ECF No. 15 at 4; ECF No. 23 at 5; ECF No. 26 at 20-21; ECF No. 34 at 20-21.  Plaintiffs do not even attempt to address this authority.  *See generally* ECF No. 38.  The fact that they have no response underscores the frivolous nature of their arguments.

Plaintiffs cite no law holding that where the individual claims of named plaintiffs are adjudicated to conclusion, those named plaintiffs are permitted to bring another suit based on the same facts and circumstances.  Nor could they: it is a basic point of our legal system that when

319988695v.1

an individual's claim is dismissed by a court with prejudice, that individual cannot bring a subsequent suit based upon the same facts and circumstances. Plaintiffs attempt to obscure the issue by claiming that a "class complaint" was dismissed in Arizona, but that is a misrepresentation and counsel knows it. Again, the Arizona court dismissed Plaintiffs' *individual claims* and declined to even address the class issue as a result. *Leake*, 2023 U.S. Dist. LEXIS 32177, at *13-19. Plaintiffs and their counsel could not, in good faith, believe that they were permitted to sue again based upon *Cooper* or any other authority. Rule 11 sanctions are warranted.

With respect to timeliness, although Plaintiffs contend that Raytheon's argument is "contradictory" (ECF No. 38 at 9-10), *Plaintiffs'* argument is an about-face from their *res judicata* argument. After arguing that the dismissal *with prejudice* of the Arizona Action is meaningless in this jurisdiction, Plaintiffs reverse course and argue that the Arizona Action has one effect after all: to toll the statute of limitations and somehow render Plaintiffs' claims timely.

The audacity of this argument is hard to overstate. Plaintiffs' contention is that not only did the dismissal with prejudice of the Arizona Action not have any preclusive effect, but it extended their time to file a new suit elsewhere. The Arizona District Court and Ninth Circuit would no doubt be surprised to learn that by dismissing the Arizona Plaintiffs' claims with prejudice, they were enabling the Arizona Plaintiffs to file a duplicative and otherwise time-barred claim in another jurisdiction. That is, of course, not the law, and Plaintiffs cite to no legal authority for this outrageous proposition, which District Judge Hilton properly rejected. *See* ECF No. 38 at 9-13.

Plaintiffs rely, again, on *American Pipe* tolling, but as set forth in Raytheon's prior papers, no court has ever held that *American Pipe* tolling continues during an appeal under these

3

circumstances.  *See* ECF No. 15 at 6-8; ECF No. 19 at 7-9; ECF No. 23 at 5-6; ECF No. 26 at 22-24; ECF No. 29 at 2-3; ECF No. 34 at 22-25.  Plaintiffs cite to no authority to support their position, instead suggesting that every other court to consider this issue got it wrong and that this Court should have become what would apparently have been the first in the country to hold that *American Pipe* tolling continues during appeal under these circumstances.  *See* ECF No. 38 at 9-13.  This argument has no support in *American Pipe* or in other decision.

In short, this is not a matter of Plaintiffs' argument having turned out to be "a losing one," as they contend.  ECF No. 38 at 5.  Plaintiffs have never been able to cite any legal authority to support their positions in this action.  Since Plaintiffs' arguments had no legal support, sanctions are warranted.

## CONCLUSION

The Court should grant Raytheon's motion for sanctions, award monetary sanctions in favor of Raytheon, and grant such other and further relief as the Court deems just and proper.

Dated: August 26, 2025

Respectfully submitted,

By:  */s/ Samantha L. Brooks*
Samantha L. Brooks, VA Bar No. 91928
SEYFARTH SHAW LLP
975 F Street, N.W.
Washington, D.C. 20004
(202) 828-3560
Fax: (202) 641-9209
sbrooks@seyfarth.com

Dawn R. Solowey (admitted *pro hac vice*)
SEYFARTH SHAW LLP
Seaport East, Suite 1200
Two Seaport Lane
Boston, MA 02210
(617) 946-4800
dsolowey@seyfarth.com

4

Owen R. Wolfe (admitted *pro hac vice*)
SEYFARTH SHAW LLP
620 Eighth Avenue
New York, NY 10018
(212) 218-5500
owolfe@seyfarth.com

*Counsel for Defendant RTX Corporation*

5

319988695v.1

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 26th day of August 2025, the foregoing REPLY

MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF

AMENDED MOTION FOR SANCTIONS PURSUANT TO RULE 11 was filed with the Clerk

of Court using the CM/ECF system, which will then send a notification of such filing to the

following counsel of record:

E. Scott Loyd
Lloyd Law Group, PLLC
15 Chester Street
Front Royal, VA 22630
scott@lloydlg.com

*Counsel for Plaintiffs*

 */s/ Samantha L. Brooks*
Samantha L. Brooks
VA Bar No. 91928
SEYFARTH SHAW LLP
975 F Street, N.W.
Washington, D.C. 20004
(202) 828-3560
Fax: (202) 641-9209
sbrooks@seyfarth.com
*Counsel for Defendant RTX Corporation*

319988695v.1