**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | | |
|---|---|---|
| KRISTEN GRACE, FRANCISCO GARZA, ROSSANA HERNANDEZ, J. MICHAEL HEYSER, LISA LEAKE, CHRISTOPHER STEIN, CHRISTOPHER SUBLETT, and LESLIE ZEPEDA<br><br>Plaintiffs,<br><br>v.<br><br>RTX CORPORATION f/k/a RAYTHEON TECHNOLOGIES CORPORATION,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 24-cv-2083-CMH-WBP |

**DEFENDANT'S SUPPLEMENTAL BRIEF**
**IN SUPPORT OF MONETARY SANCTIONS UNDER RULE 11**

Defendant RTX Corporation f/k/a Raytheon Technologies Corporation ("Raytheon")[1]

respectfully submits this supplemental brief in support of monetary sanctions pursuant to Rule 11

of the Federal Rules of Civil Procedure and the Court's September 19, 2025 Order (ECF No. 45)

(the "Order").

**ARGUMENT**

Raytheon respectfully submits that a monetary sanction is warranted under Rule 11 based

upon the Court's finding that Plaintiffs Kristen Grace, Rossana Hernandez, J. Michael Heyser,

Lisa Leake, Christopher Stein, Christopher Sublett, and Leslie Zepeda ("Plaintiffs") and their

---

[1] Plaintiffs were actually employed by Raytheon Company, not Raytheon Technologies Company.  Raytheon Technologies Company is now RTX Corporation.  For ease of reference, RTX Corporation refers to itself and Plaintiffs' employer as "Raytheon."

counsel engaged in objectively unreasonable conduct in this litigation.  ECF No. 45.[2]  Raytheon

understands the Court's Order to be based upon Rule 11(b)(2) in that Plaintiffs' legal contentions

were not "warranted by existing law or by a nonfrivolous argument for extending, modifying, or

reversing existing law or for establishing new law."  Fed. R. Civ. P. 11(b)(2).  If so, that holding

impacts the appropriate Rule 11 penalty because monetary sanctions cannot be issued "against a

represented party for violating Rule 11(b)(2)."  Fed. R. Civ. P. 11(c)(5)(A).  Monetary sanctions

can, however, be issued against counsel.  *See, e.g., Andrew & Lawrence Pro. Servs. LLC v.*

*Bertinelli*, 2023 U.S. App. LEXIS 17162, at *12-14 (4th Cir. July 7, 2023) (affirming monetary

sanction against lawyer and law firm, but vacating as to client); *Oudeh v. Goshen Med. Ctr. Inc.*,

745 F. Supp. 3d 265, 276 (E.D.N.C. 2024) ("The court imposes this sanction only on" counsel).

Accordingly, to the extent the Court's holding was under Rule 11(b)(2), monetary sanctions

against Plaintiffs' counsel are warranted.

"It is important to bear in mind the purposes of sanctions under Rule 11, those being

'punishing the violating party, compensating the victim of the violation, and, most importantly,

deterring future violations.'" *Aggarwal v. Sikka*, 2013 U.S. Dist. LEXIS 160422, at *34 (E.D.

Va. Nov. 7, 2013) (quoting *Harmon v. O'Keefe*, 149 F.R.D. 114, 117 (E.D. Va. 1993) and citing

*In re Kunstler*, 914 F.2d 505, 522 (4th Cir. 1990)).  "To guide the court, the Fourth Circuit has

identified four factors courts should consider when imposing Rule 11 sanctions: (1) the

reasonableness of the opposing party's attorney's fees; (2) the minimum to deter; (3) the ability

to pay; and (4) factors relating to the severity of the Rule 11 violation." *Id.* (internal quotation

---

[2] As noted in Raytheon's prior papers and during the September 19, 2025 hearing, Raytheon does not seek sanctions against Francisco Garza based upon Plaintiffs' counsel's representation that Mr. Garza is no longer participating in this lawsuit or in the appeal.

marks omitted) (quoting *Myers v. Am.'s Servicing Co.*, 227 F.R.D. 268, 270 (E.D. Va. 2005) and

*Kunstler*, 914 F.2d at 523).  Here, these factors weigh in favor of monetary sanctions.

> **A.      Raytheon's Attorney's Fees are Reasonable**

With respect to the first *Kunstler* factor, Raytheon's attorneys' fees for this matter were

reasonable.  As set forth in greater detail in the accompanying Declaration of Owen R. Wolfe

and the invoice annexed thereto, Raytheon's fees and costs for this matter through the end of

August 2025 totaled $41,066.44.[3]  Raytheon utilized a team of Seyfarth Shaw LLP attorneys for

this matter.  *See* Wolfe Decl. ¶ 5.  Ellen McLaughlin is a senior partner at Seyfarth with nearly

45 years of experience, who acted in a limited supervisory capacity in this matter.  Wolfe Decl.

¶¶ 6-7.  Dawn Solowey and Owen Wolfe are the co-leads of Seyfarth Shaw's Appellate Group

and were counsel of record in the prior Arizona action and subsequent Ninth Circuit appeal, so

their knowledge of the prior case was critical and helped to make Seyfarth Shaw's representation

of Raytheon more efficient in this matter.  *Id.* ¶¶ 8-9, 12-13.  Ms. Solowey has more than 30

years of legal experience and Mr. Wolfe has approximately 13 years of legal experience.  *Id.*

Samantha Brooks is an attorney admitted to practice in this District who was crucial in guiding

the Seyfarth team on local practice and has approximately 16 years of legal experience.  *Id.* ¶¶

10-11.

Mr. Wolfe incurred the bulk of the hours, with Ms. McLaughlin and Ms. Solowey

supervising and Ms. Brooks supporting.  *Id.* ¶ 13.  Although Mr. Wolfe is a partner at Seyfarth

Shaw, it was reasonable for him to take the lead in drafting Raytheon's papers because of the

---

[3] In its opening motion, Raytheon estimated that its fees and costs prior to briefing the amended Rule 11 motion were $45,000 based on the information available at the time, but once its billing records were finalized, it turned out that the total amount was lower than the estimate.  The $41,066.44 does not include costs associated with the September 19, 2025 hearing or Plaintiffs' Fourth Circuit appeal, however.

efficiencies gained from his knowledge of the prior Arizona proceedings. *Id.* As shown below, his rate was also the second-lowest on the Seyfarth team. *Id.*

The Seyfarth attorneys billed at hourly rates that were discounted for this matter: $715 and $729.30 per hour for partner Ellen McLaughlin in 2024 and 2025, respectively; $715 and $729.30 per hour for partner Dawn Solowey in 2024 and 2025, respectively; $650 and $663 per hour for partner Owen Wolfe in 2024 and 2025, respectively; and $605, $626.18, and $665 per hour for associate Samantha Brooks in 2024 and 2025. *Id.* ¶ 14. These rates are in line with what Courts in this District have found to be reasonable. *See, e.g., Omeish v. Kincaid*, 2024 U.S. Dist. LEXIS 178429, at *9-10 (E.D. Va. Sept. 30, 2024) (adopting the *Vienna Metro* matrix, which showed that, as of 2011, the prevailing rates in Northern Virginia for lawyers with 11-19 years of experience ranged from $520 to $770 per hour); *Vienna Metro LLC v. Pulte Home Corp.*, 2011 U.S. Dist. LEXIS 168240, at *18 (E.D. Va. Aug. 24, 2011) (*Vienna Metro* matrix showing that prevailing hourly rate of attorneys with 20 or more years of experience goes up to $820 per hour as of 2011); *see also Entegee, Inc. v. Metters Indus.*, 2018 U.S. Dist. LEXIS 121222, at *6 (E.D. Va. July 19, 2018) ("The Court consistently employs the *Vienna Metro* matrix in determining the customary rates for attorneys engaged in commercial litigation in northern Virginia").

The Seyfarth team billed 61.3 hours in connection with this matter, which included briefing motions to dismiss both the original Complaint and Amended Complaint, as well as the original, renewed, and amended motions for Rule 11 sanctions. *See* Wolfe Decl. Ex. A. Courts in this Circuit have found comparable amounts of time spent on similar motions to be reasonable. *See, e.g., Clayton v. Wells*, 2025 U.S. Dist. LEXIS 164128, at *9 (M.D.N.C. Aug. 25, 2025)

4

(finding 65 hours incurred over six months reasonable); *Harvey v. CNN, Inc.*, 2021 U.S. Dist. LEXIS 85245, at *5 (D. Md. May 4, 2021) (67.6 hours reasonable).

The reasonableness of Seyfarth's hours incurred is underscored by the fact that much of the work was necessitated by Plaintiffs or was otherwise outside of Raytheon's control.  As the Court is aware, Raytheon tried to avoid motion practice altogether by contacting Plaintiffs' counsel via letter prior to filing any motions in this action.  *See* ECF No. 35-12.  When Plaintiffs refused to withdraw the lawsuit, *see* ECF No. 35-13, Raytheon had to proceed with motion practice.  After Raytheon filed its initial motion to dismiss and Rule 11 motion, Plaintiffs amended their Complaint, mooting both motions.  *See* ECF No. 16.  Although Plaintiffs were permitted to amend as of right, there was no amendment that could cure the *res judicata* and timeliness defects.  By amending, they doubled-down on their objectively unreasonable conduct and forced Raytheon to incur additional fees by filing new motions.  *See* ECF Nos. 17, 21 (Orders denying Raytheon's motions as moot in light of the Amended Complaint).

After Judge Hilton dismissed the action in response to Raytheon's motion to dismiss, the Court requested that Raytheon file an amended Rule 11 motion if Raytheon wished to proceed with Raytheon's request for sanctions.  *See* ECF No. 32.  Despite Judge Hilton's ruling dismissing the case, Plaintiffs opposed that amended Rule 11 motion, which necessitated further fees.  *See* ECF No. 38.  All told, Raytheon had to brief two motions to dismiss and three Rule 11 motions, all stemming from Plaintiffs' unreasonable conduct.  *See* ECF Nos. 4, 7, 18, 25, 33.

Raytheon notes also that those fees do not include the September 19 oral argument or the preparation of this supplemental brief, or any work performed in connection with Plaintiffs' recently-filed Fourth Circuit appeal.  Under these circumstances, Raytheon submits that its fees of $41,066.44 are reasonable.

5

**B.**     **Monetary Sanctions Are Needed to Deter Future Misconduct.**

With respect to the second *Kunstler* factor, Raytheon submits that no lesser sanction is available to deter future misconduct here.  Judge Hilton already dismissed Plaintiffs' Complaint. *See* ECF No. 31.  Accordingly, monetary sanctions are warranted to deter misconduct.  *See, e.g., Andrews*, 2023 U.S. App. LEXIS 17162, at *5-6, *14 (affirming "reimburse[ment] [of] legal counsel" in the amount of $27,349); *Byrd v. Hopson*, 108 F. App'x 749, 755-56 (4th Cir. 2004) (affirming sanction of $50,000 in attorneys' fees and $5,000 fine against attorney); *Instant Tax Serv. 10060 v. TCA Fin. LLC*, 2009 U.S. Dist. LEXIS 7227, at *15 (D. Md. Aug. 17, 2009) (awarding $40,000 in sanctions).

**C.**     **Plaintiffs Have the Burden of Demonstrating Inability to Pay.**

With respect to the third *Kunstler* factor, Raytheon is not aware of any reason why Plaintiffs' counsel, who appears to be a successful attorney, would be unable to pay a monetary sanction equivalent to Raytheon's attorneys' fees.  That said, "the burden is upon the parties being sanctioned to come forward with evidence of their financial status." *Aggarwal*, 2013 U.S. Dist. LEXIS 160422, at *36 (quoting *Kunstler*, 914 F.2d at 524).

**D.**     **The Severity of the Rule 11 Violation Weighs in Favor of Monetary Sanctions.**

With respect to the fourth and final *Kunstler* factor, Plaintiffs' conduct here was outrageous and therefore weighs in favor of monetary sanctions.  As set forth in Raytheon's prior papers, and as the Court noted during the September 19, 2025 hearing, Plaintiffs never cited any legal authority in support of their legal positions in this case.  *See, e.g.,* ECF No. 38.  With respect to *res judicata*, the only case Plaintiffs ever cited was *Cooper v. Federal Reserve Bank*,

6

467 U.S. 867 (1984), which, if anything, supported ***Raytheon's*** position. *See, e.g.,* ECF No. 40 at 2.

With respect to timeliness, it was undisputed that this suit was not commenced with 90 days of any Plaintiffs' receipt of his or her right-to-sue letter. *See id.* at 3-4. As the Court pointed out during the September 19, 2025 hearing, it is not clear *American Pipe* tolling could have even applied to a claim that was not asserted in the Arizona action. Even if *American Pipe* tolling applied, Plaintiffs cited to no authority for the proposition that such tolling continues through the appellate process. *See id.* In fact, that position has never been authorized by the Fourth Circuit, and has apparently been rejected by every single federal court to consider the issue. *See id.*

Plaintiffs never should have commenced this action, and doing so was bad enough. They then exacerbated the burden on the Court and Raytheon by doubling-down with an amended Complaint. They have since tripled down by filing the Fourth Circuit appeal, meaning that the Fourth Circuit will be burdened by the same frivolous arguments. A dismissal with prejudice in Arizona; unanimous affirmance by the Ninth Circuit; and a denial of a certiorari petition by the U.S. Supreme Court were not enough to deter Plaintiffs from filing this suit. Nor was Judge Hilton's dismissal enough to stop Plaintiffs from filing what will be a frivolous Fourth Circuit appeal. The Court should issue monetary sanctions.

## CONCLUSION

The Court should award monetary sanctions in the amount of $41,066.44 or such other amount as the Court may deem appropriate, and grant such other and further relief as the Court deems just and proper.

Dated: September 26, 2025

Respectfully submitted,

7

By:     */s/ Samantha L. Brooks*
Samantha L. Brooks, VA Bar No. 91928
SEYFARTH SHAW LLP
975 F Street, N.W.
Washington, D.C. 20004
(202) 828-3560
Fax: (202) 641-9209
sbrooks@seyfarth.com

Dawn R. Solowey (admitted *pro hac vice*)
SEYFARTH SHAW LLP
Seaport East, Suite 1200
Two Seaport Lane
Boston, MA 02210
(617) 946-4800
dsolowey@seyfarth.com


Owen R. Wolfe (admitted *pro hac vice*)
SEYFARTH SHAW LLP
620 Eighth Avenue
New York, NY 10018
(212) 218-5500
owolfe@seyfarth.com

*Counsel for Defendant RTX Corporation*

8

**CERTIFICATE OF SERVICE**

I hereby certify that on the 26th day of September 2025, the foregoing REPLY

MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF

AMENDED MOTION FOR SANCTIONS PURSUANT TO RULE 11 was filed with the Clerk

of Court using the CM/ECF system, which will then send a notification of such filing to the

following counsel of record:

E. Scott Loyd
Lloyd Law Group, PLLC
15 Chester Street
Front Royal, VA 22630
scott@lloydlg.com

*Counsel for Plaintiffs*


    */s/ Samantha L. Brooks*
Samantha L. Brooks
VA Bar No. 91928
SEYFARTH SHAW LLP
975 F Street, N.W.
Washington, D.C. 20004
(202) 828-3560
Fax: (202) 641-9209
sbrooks@seyfarth.com
*Counsel for Defendant RTX Corporation*