**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

KRISTEN GRACE, FRANCISCO )
GARZA, ROSSANA HERNANDEZ, )
J. MICHAEL HEYSER, LISA LEAKE, )
CHRISTOPHER STEIN, CHRISTOPHER )
SUBLETT, and LESLIE ZEPEDA )
)
Plaintiffs, )
)
v. )        Civil Action No. 24-cv-2083-CMH-WBP
)
RTX CORPORATION f/k/a RAYTHEON )
TECHNOLOGIES CORPORATION, )
)
Defendant. )

**DEFENDANT'S SUPPLEMENTAL REPLY BRIEF
IN SUPPORT OF MONETARY SANCTIONS UNDER RULE 11**

Defendant Raytheon[1] respectfully submits this supplemental reply brief in support of

monetary sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure and the Court's

September 19, 2025 Order (ECF No. 45).

**ARGUMENT**

Raytheon briefly addresses three points, but otherwise rests on its opening papers. ECF

Nos. 46-47. ***First***, Plaintiffs appear to suggest that no penalty of any kind is warranted, despite

the Court finding that they and their counsel violated Rule 11. *See* ECF No. 48 at 6. Plaintiffs

cite no law for this assertion, and Raytheon respectfully refers the Court to the cases cited in

Raytheon's supplemental brief. *See* ECF No. 46 at 2-3, 6-7.

---

[1] Capitalized terms not otherwise defined herein have the meanings set forth in Raytheon's September 26, 2025 supplemental brief (ECF No. 46).

*Second*, Plaintiffs do not contend that the hourly rates of the Seyfarth attorneys were unreasonable.  They assert, however, that the Seyfarth team should have had fewer attorneys, and that the hours and total amount of fees incurred by Raytheon were unreasonable.  *See* ECF No. 1-3.  One attorney, Owen R. Wolfe, incurred 77% of the hours, which was reasonable given Mr. Wolfe's involvement in the prior Arizona action and his relatively lower billing rate.  *See* ECF No. 47 ¶ 13.  Moreover, Seyfarth's hours on this matter were largely attributable to the fact that Raytheon was forced to file two motions—a motion to dismiss and a Rule 11 motion—and then revise and re-file those motions when Plaintiffs filed an amended complaint.  *See* ECF No. 46 at 5.  Plaintiffs cannot complain that Raytheon's lawyers worked too much on this case when Plaintiffs were the cause of extra hours incurred.

Indeed, Plaintiffs are continuing to force Raytheon to incur unnecessary legal fees.  In addition to their pending Fourth Circuit appeal, late on October 3, 2025, Plaintiffs filed an objection to the Court's September 19, 2025 Order under Federal Rule of Civil Procedure 72(a).  ECF No. 50.  Accordingly, Raytheon is now forced to oppose that motion and potentially attend another hearing on the matter.  Presumably, if the Court awards any monetary sanctions, Plaintiffs will file another Rule 72(a) motion as to that decision, taking up yet more of the Court's time and causing Raytheon to incur yet more expenses.  Plaintiffs' conduct underscores the need for a monetary penalty.

*Third*, Plaintiffs continue to suggest that *Cooper v. Federal Reserve Bank*, 467 U.S. 867 (1984) supported their *res judicata* arguments, and they apparently intend to make that assertion in the Fourth Circuit.  *See* ECF No. 48 at 5.  Plaintiffs argue, as they have previously, that "[i]n *Cooper*, the plaintiffs were intervenors and were not litigating at any point as class members, which is a factual pattern that is distinguishable from this case, where all litigants were originally

2

asking to be class members." *Id.* That assertion is false and confirms the need for a monetary sanction.

Although Raytheon does not wish to belabor the point, it is worth quickly revisiting the facts of *Cooper*. The underlying lawsuit in *Cooper* was commenced by the Equal Employment Opportunity Commission ("EEOC"); it was not a class action at the start. *See* 467 U.S. at 869. Six months later, the Cooper plaintiffs "were allowed to intervene as plaintiffs." *Id.* at 869. The Cooper plaintiffs asserted individual claims "that each of them was the victim of employment discrimination," but also asserted that "they could adequately represent a class of black employees against whom the Bank had discriminated because of their race." *Id.* at 869-70. After the Cooper plaintiffs intervened, the district court conditionally certified a class, with the Cooper plaintiffs as the named, class representatives. *Id.* at 870. At trial, the "intervening [Cooper] plaintiffs…testified," as did a group of non-named class members, referred to in the Supreme Court decision as the "Baxter petitioners." *Id.* at 871.

The Supreme Court held that "[c]laims of two types were adjudicated in the Cooper litigation. First, the individual claims of each of the four intervening plaintiffs have been finally decided in the Bank's favor." *Id.* at 873. Those "determinations are…final." *Id.* at 873 n.7. The other claim type was "the class claim that the Bank followed 'policies and practices' of discriminating against its employees…." *Id.* at 873-74. The Supreme Court held that although the Cooper plaintiffs were barred from suing again—since their individual claims had been adjudicated—non-named class members, like the Baxter petitioners, were only barred from asserting class-wide "pattern and practice" claims; they could still bring claims asserting that each of them suffered individualized discrimination. *Id.* at 880.

3

In short, Plaintiffs' assertion that the Cooper plaintiffs "were not litigating at any point as class members" is demonstrably false.  The Cooper plaintiffs were analogous to the Arizona Plaintiffs here: they were named plaintiffs, who asserted individual claims while also purporting to represent a class, and their individual claims were dismissed with prejudice.  *Id.* at 873-74.  As Raytheon has maintained from the beginning (*see, e.g.,* ECF No. 5 at 14), *Cooper* supports Raytheon's arguments.  The fact that, even at this late date, Plaintiffs argue otherwise, and misrepresent the facts of *Cooper*, underscores exactly why a monetary sanction is necessary.

## CONCLUSION

The Court now has before it a full record upon which to evaluate the appropriate penalty under the factors articulated by the Fourth Circuit in *In re Kunstler*, 914 F.2d 505, 522(4th Cir. 1990).  The Court should reject Plaintiffs' contention that they should not be sanctioned at all.  Raytheon respectfully submits that the Court should instead award monetary sanctions in the amount of $41,066.44 or such other amount as the Court may deem appropriate, along with such other and further relief as the Court deems just and proper.

Dated: October 8, 2025

Respectfully submitted,

By:     */s/ Samantha L. Brooks*
Samantha L. Brooks, VA Bar No. 91928
SEYFARTH SHAW LLP
975 F Street, N.W.
Washington, D.C. 20004
(202) 828-3560
Fax: (202) 641-9209
sbrooks@seyfarth.com

Dawn R. Solowey (admitted *pro hac vice*)
SEYFARTH SHAW LLP
Seaport East, Suite 1200
Two Seaport Lane
Boston, MA 02210
(617) 946-4800
dsolowey@seyfarth.com

5

Owen R. Wolfe (admitted *pro hac vice*)
SEYFARTH SHAW LLP
620 Eighth Avenue
New York, NY 10018
(212) 218-5500
owolfe@seyfarth.com

*Counsel for Defendant RTX Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that on the 8th day of October 2025, the foregoing SUPPLEMENTAL REPLY BRIEF IN SUPPORT OF MONETARY SANCTIONS UNDER RULE 11 was filed with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing to the following counsel of record:

E. Scott Loyd
Lloyd Law Group, PLLC
15 Chester Street
Front Royal, VA 22630
scott@lloydlg.com

*Counsel for Plaintiffs*

 */s/ Samantha L. Brooks*
Samantha L. Brooks
VA Bar No. 91928
SEYFARTH SHAW LLP
975 F Street, N.W.
Washington, D.C. 20004
(202) 828-3560
Fax: (202) 641-9209
sbrooks@seyfarth.com
*Counsel for Defendant RTX Corporation*