**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

|  |  |  |
|---|---|---|
| KRISTEN GRACE, FRANCISCO GARZA, ROSSANA HERNANDEZ, J. MICHAEL HEYSER, LISA LEAKE, CHRISTOPHER STEIN, CHRISTOPHER SUBLETT, and LESLIE ZEPEDA | ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | Civil Action No. 24-cv-2083-CMH-WBP |
| RTX CORPORATION f/k/a RAYTHEON TECHNOLOGIES CORPORATION, | ) ) ) ) | |
| Defendant. | ) | |

**DEFENDANT'S OPPOSITION TO PLAINTIFFS'
OBJECTION PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 72(A)**

Defendant RTX Corporation f/k/a Raytheon Technologies Corporation ("Raytheon")[1]

respectfully submits this opposition to the objection of Kristen Grace, Rossana Hernandez, J.

Michael Heyser, Lisa Leake, Christopher Stein, Christopher Sublett, and Leslie Zepeda

("Plaintiffs"), pursuant to Federal Rule of Civil Procedure 72(a), of the September 19, 2025

Order (ECF No. 45) entered by the Honorable William B. Porter, United States Magistrate Judge

(the "Order").

**PRELIMINARY STATEMENT**

This action should never have been filed. It was clearly barred by *res judicata* and

untimely. This Court already granted Raytheon's motion to dismiss on those grounds. On

---

[1] Plaintiffs were actually employed by Raytheon Company, not Raytheon Technologies Company. Raytheon Technologies Company is now RTX Corporation. For ease of reference, RTX Corporation refers to itself and Plaintiffs' employer as "Raytheon."

320750373v.1

September 19, 2025, Magistrate Judge Porter heard arguments from both sides on whether Plaintiffs and their counsel violated Rule 11.  Following those arguments, Magistrate Judge Porter found that Plaintiffs and their counsel did, in fact, violate Rule 11 by engaging in objectively unreasonable conduct in this litigation.

First, Magistrate Judge Porter found that there was no objectively reasonable basis upon which Plaintiffs and their counsel could have believed that the claims of those Plaintiffs who previously filed suit in Arizona (the "Arizona Plaintiffs") were not barred by *res judicata*. Second, Magistrate Judge Porter found that there was no objectively reasonable basis upon which Plaintiffs and their counsel could have believed that any of Plaintiffs' claims were timely. Although Plaintiffs relied upon the tolling doctrine articulated in *American Pipe & Constr. Co. v. Utah*, 414 U.S. 538 (1974), Magistrate Judge Porter observed that *American Pipe* could not toll Plaintiffs' cause of action here—since that cause of action was not asserted in Arizona—and that, in any event, Plaintiffs failed to identify any authority holding that *American Pipe* tolling continues during appeal.  Magistrate Judge Porter properly found that Plaintiffs violated Rule 11.

Plaintiffs refuse to accept the consequences of their misconduct.  Instead, they are exacerbating the burden on the court system and on Raytheon by drawing out these proceedings. They filed an amended complaint, despite being on notice of their Rule 11 violations, necessitating new rounds of motions and briefing.  After this Court dismissed the action, they filed an appeal to the Fourth Circuit.  And now they have filed this Rule 72 objection.  The Court should deny the objection and stop Plaintiffs' continued misconduct.

Plaintiffs rely on arguments that they never presented to this Court or to Magistrate Judge Porter.  This Court does not consider new arguments on a Rule 72(a) objection.  Even if the

2

Court considered these improper new arguments, however, Plaintiffs fail to identify anything clearly erroneous in Magistrate Judge Porter's ruling.

With respect to *res judicata*, it is black-letter law that when the individual claims of the named plaintiffs representing a putative class are dismissed, those named plaintiffs are barred from suing again. Plaintiffs have never cited, and still do not cite, any legal authority supporting their position. They continue to intentionally misread the Supreme Court's decision in *Cooper v. Federal Reserve Bank*, 467 U.S. 867 (1984), despite the fact that *Cooper* **confirms** that the Arizona Plaintiffs' claims were barred. Plaintiffs have no real response to that point, or to the other controlling authority that dooms their argument. Since Plaintiffs never cited, and still do not cite, any law that supports their position, it was not clearly erroneous for Magistrate Judge Porter to find a Rule 11 violation here.

The Court need go no further, since a single Rule 11 violation is sufficient to affirm Magistrate Judge Porter's Order. Plaintiffs' arguments regarding timeliness fail as well, however. Plaintiffs cite to two state court cases, which they never previously cited to Magistrate Judge Porter or to this Court. Again, the Court does not consider on a Rule 72 objection arguments not presented to Magistrate Judge Porter. To the extent the Court considers this new argument, however, it underscores the need for sanctions.

One of the state court cases did not apply, and actually rejected, *American Pipe* tolling, relying upon a Kansas state statute that has nothing to do with this case. The other state court case, from Utah, relied upon federal court decisions that were expressly overruled, vacated, or rejected by later cases, which Plaintiffs fail to mention. That Plaintiffs would rely on outdated state court cases citing overruled or vacated decisions shows that Plaintiffs continue to engage in objectively unreasonable conduct.

320750373v.1

Plaintiffs failed to meet their high burden to show clear error. To the contrary, Magistrate Judge Porter's decision was amply supported by the law and facts. Plaintiffs' objection should be denied in full.

**FACTUAL BACKGROUND**

This Court is fully familiar with the underlying facts of this case, which are detailed in the Court's July 22, 2025 Order granting Raytheon's motion to dismiss. ECF No. 31. Accordingly, Raytheon only briefly summarizes the key facts here.

Five of the Plaintiffs, *i.e.*, the Arizona Plaintiffs, previously filed suit in Arizona federal court, where their individual claims were dismissed with prejudice. *Id.* at 2-3. The Ninth Circuit unanimously affirmed, and the U.S. Supreme Court denied Plaintiffs' petition for a writ of certiorari. *Id.* After the Supreme Court denied that petition, Plaintiffs filed this suit on November 20, 2024. ECF No. 1. Raytheon contended that the suit was barred by *res judicata* and because Plaintiffs failed to commence the suit within 90 days of receiving right-to-sue letters from the Equal Employment Opportunity Commission (EEOC), rendering their claims untimely. *See* ECF No. 7. Raytheon also moved for sanctions under Rule 11. ECF No. 4.

On February 14, 2025, Plaintiffs filed an amended complaint. ECF No. 16. As a result, Raytheon was forced to make new motions to dismiss and for Rule 11 sanctions. ECF Nos. 18, 25. On July 22, 2025, the Court granted Raytheon's motion to dismiss. ECF No. 31. With respect to *res judicata*, the Court found that all of the elements of *res judicata* were satisfied. *Id.* at 4-5. Plaintiffs only cited to one case to "support" their argument, *Cooper*. *Id.* at 5-6. The Court rejected Plaintiffs' reliance on *Cooper*, holding that:

> Unlike in *Cooper*, no class was ever certified in the Arizona Action, and no decision was made as to the class claim. Instead, the Arizona District Court dismissed the individual claims of the Arizona Plaintiffs with prejudice for failure to state a claim…. The court also found that any amendment to the complaint

4

would be futile and declined to address class allegations.  Therefore, *res judicata* applies to the Arizona Plaintiffs because their individual claims were previously dismissed.

*Id.* at 6.

With respect to timeliness, the Court found that Plaintiffs did not commence this action within 90 days of receiving their EEOC right-to-sue letters.  *Id.* at 7.  The Court stated that, although Plaintiffs invoked *American Pipe*, they did "not identify when the tolling period purportedly ended, or when they were required to bring suit once the tolling period ended."  *Id.* at 7-8.  The Court further held that Plaintiffs' argument was "unpersuasive."  *Id.* at 8.  The Court noted that *American Pipe* is "a narrow exception" and the tolling only applies "until the date [the class action] is denied, for whatever reason."  *Id.* (internal quotation marks omitted) (quoting *Bridges v. Dep't of Md. State Police*, 441 F.3d 197, 210 (4th Cir. 2006)).  Accordingly, the Court held that even if *American Pipe* applied, the tolling ended "when the Arizona Court dismissed the matter…."  *Id.*

On August 4, 2025, Magistrate Judge Porter directed that, in light of the Court's dismissal decision, if Raytheon wished to proceed with its Rule 11 motion, it needed to file an amended motion by August 8, 2025.  ECF No. 32.  Raytheon did so.  ECF No. 33.  Thereafter, Plaintiffs filed a notice of appeal to the Fourth Circuit regarding the Court's dismissal decision.  ECF No. 37.  That appeal remains pending.

Once Raytheon's Rule 11 motion was fully briefed, Magistrate Judge Porter held a hearing on the motion on September 19, 2025.  ECF No. 45.  Magistrate Judge Porter heard extensive arguments from both sides.[2]  After hearing argument, Magistrate Judge Porter ruled

---

[2] Raytheon understands that the hearing "is available on the Court's recording system."  ECF No. 45 at 1.  Plaintiffs have not provided the Court with a recording or transcript of that hearing as part of this objection.  Accordingly, Raytheon describes Magistrate Judge Porter's holdings here based upon counsel's recollections.

320750373v.1

from the bench that Plaintiffs and their counsel violated Rule 11.  Magistrate Judge Porter first held that the Arizona Plaintiffs' argument that they were not barred by *res judicata* was objectively unreasonable because there was no legal authority for their position.  Magistrate Judge Porter found that Plaintiffs' reliance upon *American Pipe* was similarly unreasonable for two reasons: (1) *American Pipe* would only toll a cause of action actually asserted in Arizona, but Plaintiffs' cause of action in this lawsuit was not asserted in Arizona; and (2) in any event, Plaintiffs failed to cite any authority holding that *American Pipe* tolling continues during the pendency of an appeal from dismissal of the named plaintiffs' individual claims.

Magistrate Judge Porter held, however, that Raytheon "has not provided sufficient support for a financial sanction" and directed additional briefing and a further hearing on that point.  ECF No. 45 at 1.  The parties proceeded with that briefing and hearing thereafter.  *See* ECF Nos. 46-47, 48, 53.  Ultimately, Magistrate Judge Porter issued a monetary sanction of $7,500 on October 10, 2025.  ECF No. 56.

In the interim, Plaintiffs filed this Rule 72 objection.  ECF No. 45.

<h2 style="text-align:center"><u>ARGUMENT</u></h2>

**A.  Legal Standard**

This Court will affirm a non-dispositive order, such as an order finding a violation of Rule 11, unless it "is clearly erroneous or contrary to law."  *See* 28 U.S.C. § 636(b)(A).  "Pursuant to the clearly erroneous standard of review, the magistrate judge's order must be affirmed unless after review of the entire record, the reviewing court…is left with the definite and firm conviction that a mistake has been committed."  *Joseph Giganti Veritas Media Group, Inc. v. Gen-X Strategies, Inc.*, 222 F.R.D. 299, 305 (E.D. Va. 2004) (affirming Rule 11 sanctions

6

while reducing amount of sanctions).  Measured against this standard, Plaintiffs' objection fails, and Magistrate Judge Porter's Order should be affirmed.

### B. Magistrate Judge Porter's Holding Regarding *Res Judicata* Was Not Clearly Erroneous.

As set forth in Raytheon's prior papers, Plaintiffs never cited to any legal authority for their assertion that the Arizona Plaintiffs were not barred by *res judicata* from bringing this suit. *See, e.g.,* ECF No. 34 at 20-21.  For example, Raytheon cited black-letter law from the Fourth Circuit and elsewhere holding that when a putative class action is dismissed, the dismissal "of the named employees' individual claims *is binding as to those employees*."  *Muhammad v. Giant Food*, 108 F. App'x 757, 765 n.5 (4th Cir. 2004) (emphasis added); *see also, e.g., Alexander v. Chicago Park Dist.*, 773 F.2d 850, 854 (7th Cir. 1985) (dismissal of class action "*does not affect application of res judicata against the named plaintiffs*" (emphasis added)).  Plaintiffs never responded, and still have not responded, to *Muhammad* and *Alexander*.  *See* ECF No. 50 at 5-9. Plaintiffs' failure to acknowledge or address this law is sufficient, without more, to deny Plaintiffs' objection.

Plaintiffs continue to rely, as they have from the beginning, on a case that *supports Raytheon's arguments*, and which this Court already addressed: *Cooper*.  ECF No. 50 at 5-9. Plaintiffs' own description of the case confirms that they had no objectively reasonable basis to bring this action.  Plaintiffs admit, as they must, that *Cooper* was not originally a class action: the underlying litigation was commenced by the EEOC.  *See* ECF No. 50 at 6 (citing *Cooper*, 467 U.S. at 869).  Plaintiffs admit that the intervening Cooper plaintiffs alleged "that each of them was the victim of employment discrimination," but also "that they could adequately represent a class of black employees against whom the Bank had discriminated because of their race."  *Id.*

7

(quoting *Cooper*, 467 U.S. at 869-70).  The Cooper plaintiffs asserted individual claims and purported to represent a putative class, ***exactly like*** the Arizona Plaintiffs here.  *See id.*

Plaintiffs further admit that in *Cooper*, the Supreme Court held that "the individual claims of each of the four intervening [Cooper] plaintiffs have been finally decided in the Bank's favor" and thus the Cooper plaintiffs were barred from suing again by *res judicata*.  *See id.* (quoting *Cooper*, 467 U.S. at 873-74).  By the same logic, the Arizona Plaintiffs' claims were similarly subject to *res judicata*.

Despite reciting the facts of *Cooper*, Plaintiffs ignore them and misrepresent *Cooper*'s holding.  *See id.* at 6-7.  In particular, Plaintiffs argue that "[t]he Court clearly delineates between the four, intervening individual plaintiffs and the plaintiffs who constituted a putative class." *Id.* at 7.  But Plaintiffs fail to acknowledge that the Cooper plaintiffs ***were part of the putative class***: they were the named representatives of that class.  *See Cooper*, 467 U.S. at 869-70.  No attorney could read *Cooper* and reasonably think it permitted the Arizona Plaintiffs to sue again.

Plaintiffs further assert that in this action, the Arizona Plaintiffs "were instead litigating their individual claims."  ECF No. 50 at 7.  Of course, as this Court already found, that is what Plaintiffs were doing in Arizona; it their individual claims that the Arizona court dismissed.  *See Leake v. Raytheon Technologies Corp.*, 2023 U.S. Dist. LEXIS 32177, at *13-19 (D. Az. Feb. 27, 2023); *see also* ECF No. 31 (holding that "the Arizona District Court dismissed the individual claims of the Arizona Plaintiffs with prejudice").  If a class had been certified in Arizona, and the Arizona court had dismissed class-wide claims, then Plaintiffs' argument might make sense.  But, that is not what happened and it is unreasonable for Plaintiffs to continue to insist otherwise.

8

Plaintiffs also cite to a case that they never raised before Magistrate Judge Porter (or this Court in connection with Raytheon's motion to dismiss): *Elliott v. ITT Corp.*, 150 B.R. 36 (N.D. Ill. 1992). As an initial matter, the Court should not consider an argument never presented to Magistrate Judge Porter. *See Joseph Giganti*, 222 F.R.D. at 307-08 & n.20 (issue "not argued before the magistrate judge…cannot be raised for the first time as part of plaintiffs' Rule 72 motion") (collecting cases); *see also McDonald v. Robinson*, 2021 U.S. Dist. LEXIS 132443, at *14 (E.D. Va. July 15, 2021) (refusing to consider argument when movant "did not previously raise that issue before the magistrate judge"); *see also* ECF Nos. 14, 22, 28, 38 (Plaintiffs' prior briefs, which did not cite to *Elliott*).

Even if the Court considers this new argument, however, it is meritless. *Elliott* did not hold that *Cooper* permits named plaintiffs whose individual claims were dismissed to sue again. *See Elliott*, 150 B.R. at 41. It simply repeated *Cooper*'s holding that "the judgment in a class action…will only bind the members of the class with respect to the common issues adjudicated." *Id.* The *Elliott* court explained that the plaintiffs' prior class action involved a different claim, under a particular Illinois state statute, not at issue in the subsequent case. *See id.* Accordingly, that prior suit "did not adjudicate the issues before the Court in the present action." *Id. Elliott* has nothing to do with this case, where the Arizona Plaintiffs' individual claims were dismissed with prejudice and they then asserted a claim in this Court based upon the same facts and circumstances, which could have been asserted in Arizona. *See* ECF No. 31 at 4-6.

Plaintiffs still present no legitimate basis for their *res judicata* argument. Magistrate Judge Porter's decision was not clearly erroneous.

9

320750373v.1

### C. Magistrate Judge Porter's Timeliness Decision Was Not Clearly Erroneous.

The Court need go no further.  Since Magistrate Judge Porter's *res judicata* decision was not clearly erroneous, Plaintiffs' *res judicata* arguments, alone, provide a sufficient basis upon which to find a violation of Rule 11 justifying the imposition of sanctions.  Nonetheless, Magistrate Judge Porter also correctly found that Plaintiffs violated Rule 11 by asserting that their claim was timely.

### 1. Magistrate Judge Porter's Holding That *American Pipe* Does Not Apply to a Cause of Action Not Previously Asserted Was Not Clearly Erroneous.

Plaintiffs do not address Magistrate Judge Porter's holding that *American Pipe* could not apply to a cause of action that was never actually asserted in Arizona.  *See* ECF No. 50 at 9-13.  They cannot do so for the first time on reply.  *Reliance Med. Transp., LLC v. Meeker*, 2023 U.S. Dist. LEXIS 237337, at *4 (E.D. Va. Oct. 3, 2023) ("the Court need not address any arguments raised for the first time on reply" (internal quotations and brackets omitted)); *ElcomSoft, Ltd. v. Passcovery Co.*, 2013 U.S. Dist. LEXIS 180407, at *12 (E.D. Va. Dec. 19, 2013) ("Arguments raised for the first time on reply generally will be regarded as untimely").  Although federal courts have reached mixed outcomes on whether *American Pipe* applies to a cause of action not asserted in the class action complaint, Raytheon is not aware of any controlling authority in this Circuit or District on that issue; Plaintiffs have not identified any such authority; and, again, they cannot do so for the first time on reply.

At the very least, there is authority from other federal courts that supports Magistrate Judge Porter's holding.  *See, e.g., Fulbright v. Union Pac. R.R. Co.*, 2022 U.S. Dist. LEXIS 37383, at *16-17 (N.D. Tex. Mar. 2, 2022) ("Class-action tolling depends heavily on the fact that the subsequently asserted cause of action involves the same cause of action initially pleaded on a class-wide basis"); *Carrillo v. Union Pac. R.R. Co.*, 2021 U.S. Dist. LEXIS 133087, at *13-14

10

(W.D. Tex. July 15, 2021) ("Plaintiff's argument that American Pipe tolling applies to parties, as opposed to specific claims, is unavailing…. The statutes of limitation run for specific claims, not the parties that bring those claims"). Accordingly, Magistrate Judge Porter's holding was not clearly erroneous or contrary to law.

### 2. Magistrate Judge's Porter's Holding That *American Pipe* Tolling Does Not Continue During Appeal Was Not Clearly Erroneous.

Magistrate Judge Porter also held that Plaintiffs' timeliness arguments were objectively unreasonable because *American Pipe* tolling does not continue during an appeal, as this Court already found. ECF No. 31 at 8. Raytheon established that the First, Second, Fifth, Seventh, Eleventh, and Federal Circuits, and at least one district court in this Circuit, have held that *American Pipe* tolling does not continue during an appeal. *See, e.g.,* ECF No. 34 at 22-24. Raytheon also established that the Fourth Circuit has never extended *American Pipe* tolling on appeal, and has in fact stated that the tolling ends as soon as the class action is denied "for whatever reason." *Id.* at 22 (quoting *Bridges*, 441 F.3d at 212)). In response, Plaintiffs failed to cite any authority holding that *American Pipe* tolling continues during appeal. *See* ECF No. 38.

Magistrate Judge Porter thus had to consider, on the one hand, Raytheon's submission, citing to extensive authority rejecting Plaintiffs' position; and on the other hand, Plaintiffs' submission, which cited no legal authority and argued that Magistrate Judge Porter should ignore the law (not to mention this Court's holding on Raytheon's motion to dismiss). Under those circumstances, where Plaintiffs could not muster a single case to support their position, Magistrate Judge Porter's decision was not clearly erroneous.

### 3. Plaintiffs' Inappropriate Reliance on State Court Cases Underscores the Propriety of Magistrate Judge Porter's Decision.

Even now, Plaintiffs cannot cite to any authority that actually supports their timeliness arguments. In their Rule 72 objection, Plaintiffs for the first time cite two state court cases to

11

"support" their position: *Seaboard Corp. v. Marsh Inc.*, 284 P.3d 314 (2012) and *American Tierra Corp. v. W. Jordan*, 840 P.2d 757 (Utah 1992). *See* ECF No. 50 at 11. As an initial matter, Plaintiffs never previously raised these cases before Magistrate Judge Porter (or this Court). ECF Nos. 14, 22, 28, 38. Again, the Court should not consider them. *Joseph Giganti*, 222 F.R.D. at 307-08 & n.20; *McDonald*, 2021 U.S. Dist. LEXIS 132443, at *14. In any event, Plaintiffs' citation to these cases is a continuation of their objectively unreasonable conduct.

Plaintiffs failed to advise the Court that *Seaboard* involved a specific Kansas saving statute not at issue here, K.S.A 60-518. *See Seaboard*, 284 P.3d at 328. The Kansas Supreme Court specifically held that "we apply the plain language of the statute rather than base this decision on the policy reasons that underlie the tolling principle of *American Pipe*…**especially because we have previously declined to adopt *American Pipe* tolling principles."** *Id.* at 327 (bold emphasis added). Accordingly, *Seaboard* has nothing to do with this case.

True, the Kansas Supreme Court asserted, in *dicta*, that "several federal courts have held that *American Pipe* tolling continues during the pendency of the class action, including while its certification status is on appeal." *Id.* at 329. Even setting aside that it is *dicta*, the statement relates to appeal from the granting or denial of a motion for class certification. *See id.* Here, the Arizona Plaintiffs' individual claims were dismissed, so the Arizona court never reached the issue of class certification. *See Leake*, 2023 U.S. Dist. LEXIS 32177, at *13-19.

Moreover, the Kansas court relied upon cases that were later overruled or vacated. For example, it cited to *Griffin v. Singletary*, 17 F.3d 356 (11th Cir. 1994), but the Eleventh Circuit, sitting *en banc*, subsequently held that *American Pipe* tolling ***does not*** continue during an appeal. *Armstrong v. Martin Marietta Corp.*, 138 F.3d 1374, 1382-91 (11th Cir. 1998). *Seaboard* also cited a Third Circuit decision that the Kansas court acknowledged was vacated by the Supreme

12

Court.  *See Seaboard*, 284 P.3d at 329.  Finally, *Seaboard* relied upon a New York federal court decision, *see id.*, but the Second Circuit later effectively overruled that decision.  *See Giovanniello v. ALM Media, LLC*, 726 F.3d 106, 117 (2d Cir. 2013) ("If the Court had contemplated that tolling continued through the pendency of reconsideration or through appeal, there would be no need for class members to take action to protect their rights").

Raytheon cited *Armstrong* and *Giovanniello* repeatedly in its prior papers.  *See, e.g.,* ECF No. 34 at 23.  Plaintiffs cannot rely upon *dicta* from a state court decision to justify its conduct, particularly where that *dicta* is based on cases Plaintiffs knew, or should have known based on Raytheon's papers, had been overruled, vacated, or rejected.

The Utah Supreme Court's decision in *American Tierra* suffers from a similar problem.  There, the Utah court claimed that "[s]everal lower federal courts have…uniformly conclud[ed] that the rationale for tolling continues throughout the pendency of the appeal."  *American Tierra*, 840 P.2d at 762.  Notably, the *en banc* Eleventh Circuit held that "the *American Tierra* court misread federal law."  *Armstrong*, 138 F.3d at 1384 n.18.  For good reason: *American Tierra* relied primarily on the Seventh Circuit's decision in *Jimenez v. Weinberger*, 523 F.2d 689 (7th Cir. 1975).  But, the Seventh Circuit later held that *Jimenez*'s statement was "dicta" that "should not be followed."  *Hemenway v. Peabody Coal Co.*, 159 F.3d 255, 266 (7th Cir. 1998) ("Later cases have confirmed that time begins immediately, rather than after final judgment or decision on appeal").

The *American Tierra* court also cited to a district court case from Connecticut, which is within the Second Circuit and thus was effectively overruled by *Giovanniello, supra*; and a district court case from Mississippi, which was effectively overruled by the Fifth Circuit in *Taylor v. UPS, Inc.*, 554 F.3d 510, 519 (5th Cir. 2008) ("an appeal of the denial of class

13

320750373v.1

certification does not extend the tolling period"). *See* ECF No. 34 at 23 (citing *Taylor*). The only other case cited by *American Tierra* was a 1985 Maryland district court case in which the court held that *American Pipe* tolling **did not apply**. *See Davis v. Bethlehem Steel Corp.*, 600 F. Supp. 1312, 1319 (D. Md. 1985).[3] *Davis* did include *dicta* suggesting that tolling could continue on appeal, but it relied upon, *inter alia*, the Seventh Circuit's *Jimenez dicta*, which, again, the Seventh Circuit subsequently instructed courts not to follow. *See id.* at 1316; *see also Armstrong*, 138 F.3d at 184 n.18 (stating that *Davis* was "wrongly decided").

In short, Plaintiffs cannot justify their conduct by belatedly citing to state court cases—which they never cited to Magistrate Judge Porter—that discussed this issue in *dicta* or relied upon authorities that were overruled, vacated, or otherwise inapplicable. Plaintiffs' counsel had a duty to research the **current** law on this topic, and cannot rely upon outdated state-court cases when current federal law is uniformly to the contrary. *See, e.g., Business Guides, Inc. v. Chromatic Communications Enterprises, Inc.*, 498 U.S. 533, 550 (1991). Since Plaintiffs' counsel failed to perform that due diligence, Plaintiffs' and their counsel's conduct was not objectively reasonable.

**CONCLUSION**

For the foregoing reasons, this Court should deny Plaintiffs' Rule 72(a) objection in full, and grant such other and further relief as the Court deems just and proper.

Dated: October 17, 2025

Respectfully submitted,

By:     */s/ Samantha L. Brooks*
    Samantha L. Brooks, VA Bar No. 91928
    SEYFARTH SHAW LLP

---

[3] When it affirmed the decision, the Fourth Circuit similarly held that *American Pipe* **did not apply** because the prior class complaint did not provide "fair notice." *See Davis v. Bethlehem Steel Corp.*, 769 F.2d 210, 212 (4th Cir. 1985).

14

975 F Street, N.W.
Washington, D.C. 20004
(202) 828-3560
Fax: (202) 641-9209
sbrooks@seyfarth.com

Dawn R. Solowey (admitted *pro hac vice*)
SEYFARTH SHAW LLP
Seaport East, Suite 1200
Two Seaport Lane
Boston, MA 02210
(617) 946-4800
dsolowey@seyfarth.com


Owen R. Wolfe (admitted *pro hac vice*)
SEYFARTH SHAW LLP
620 Eighth Avenue
New York, NY 10018
(212) 218-5500
owolfe@seyfarth.com

*Counsel for Defendant RTX Corporation*

15

320750373v.1

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 17th day of October 2025, the foregoing DEFENDANT'S

OPPOSITION TO PLAINTIFFS' OBJECTION PURSUANT TO FEDERAL RULE OF CIVIL

PROCEDURE 72(A) was filed with the Clerk of Court using the CM/ECF system, which will

then send a notification of such filing to the following counsel of record:

E. Scott Loyd
Lloyd Law Group, PLLC
15 Chester Street
Front Royal, VA 22630
scott@lloydlg.com

*Counsel for Plaintiffs*

*/s/ Samantha L. Brooks*

Samantha L. Brooks
VA Bar No. 91928
SEYFARTH SHAW LLP
975 F Street, N.W.
Washington, D.C. 20004
(202) 828-3560
Fax: (202) 641-9209
sbrooks@seyfarth.com
*Counsel for Defendant RTX Corporation*

320750373v.1